**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

CASE NO. 1:26-cv-26215

| | |
|---|---|
| **ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **THE INDIVIDUALS, PARTNERSHIPS, AND** | ) |
| **UNINCORPORATED ASSOCIATIONS** | ) |
| **IDENTIFIED ON SCHEDULE "A,"** | ) |
| | ) |
| Defendants. | ) |

---

**COMPLAINT FOR PATENT INFRINGEMENT**
**(JURY TRIAL DEMANDED)**

**NATURE OF THE ACTION**

1. The United States grants a design patent owner a single, unqualified right: to exclude everyone else from making, using, offering, selling, or importing the patented design. Plaintiff Zhongshan Jializhi Technology Co., Ltd. owns that right in a distinctive ornamental design for a decorative ghost light, protected by United States Design Patent No. **D1,126,458** (the "D'458 Patent" or the "Patented Design"). The Defendants named on Schedule "A" have decided that Plaintiff's right does not apply to them.

2. Operating anonymously from behind seller aliases on the Amazon.com and Temu.com marketplaces, and almost uniformly from within the People's Republic of China, Defendants manufacture, import, offer, and sell ghost-light products that copy the Patented Design feature for feature. They do so in direct competition with Plaintiff, at the same online point of sale, to the same American consumers, consumers who cannot tell Plaintiff's protected product from the knockoff sitting beside it. This is not a case of

independent creation or arms-length competition. It is the deliberate appropriation of a patented design by sellers who count on their anonymity, their distance, and the sheer number of them to place themselves beyond the reach of the law.

3. Plaintiff brings this action to hold them to that law. Plaintiff seeks a preliminary and permanent injunction, an equitable accounting and disgorgement of the profits Defendants have reaped from the Patented Design, and the ancillary relief, an asset restraint, expedited discovery, and authorization to serve Defendants by electronic means, without which any judgment against these foreign, anonymous sellers would be a judgment on paper only.

**JURISDICTION AND VENUE**

4. This is a civil action for infringement of a United States design patent arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and in particular 35 U.S.C. §§ 271, 281, 283, 284, and 289.

5. This Court has subject-matter jurisdiction over Plaintiff's claim under 28 U.S.C. §§ 1331 and 1338(a), because the claim arises under an Act of Congress relating to patents.

6. This Court has personal jurisdiction over each Defendant. Each Defendant, directly or through the online marketplace it uses, has purposefully directed its infringing activities at the State of Florida and this District: each has established a fully interactive commercial internet storefront through which Florida consumers can and do purchase the accused ghost-light products; each has advertised, offered to sell, sold, and shipped the accused products into Florida and this District; and each has thereby committed acts of infringement within this District. The exercise of jurisdiction over Defendants comports with due process and, as to any Defendant not subject to the general jurisdiction of any state's courts, is proper under Federal Rule of Civil Procedure 4(k)(2).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c)(3), and 1400(b). Each Defendant is a foreign entity or individual not resident in the United States and may be sued in any judicial district, including this one. In the alternative, a substantial part of the events giving rise to Plaintiff's claim, Defendants' offers to sell and sales of the accused products, occurred in this District, and Defendants are subject to personal jurisdiction here.

**THE PARTIES**

8. Plaintiff Zhongshan Jializhi Technology Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business in Zhongshan, Guangdong Province, People's Republic of China. Plaintiff designs, develops, and sells decorative and seasonal lighting products, including the ghost light embodying the Patented Design.

9. Defendants are the individuals, partnerships, and unincorporated associations identified on Schedule "A" to this Complaint, each of which operates one or more of the Amazon or Temu seller storefronts and product listings identified on Schedule "A" (each a "Seller Alias" and, collectively, the "Seller Aliases"). Upon information and belief, Defendants are residents or nationals of the People's Republic of China or of other foreign jurisdictions, who conceal their true identities, locations, and contact information behind the Seller Aliases in order to evade enforcement of United States intellectual-property rights.

10. Plaintiff is presently unable to determine the true names and physical addresses of Defendants because Defendants have deliberately concealed them. Plaintiff has identified each Defendant by the Seller Alias and the product-listing identifier (ASIN or Temu product ID) through which that Defendant offers the accused product, as set forth on

Schedule "A." Plaintiff will amend this Complaint to state Defendants' true names once they are ascertained through the expedited discovery Plaintiff seeks.

## FACTUAL BACKGROUND

### A. The D'458 Patent and the Patented Design

11. On May 12, 2026, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D1,126,458, titled "Ghost Light," to inventor Jianan Chen and assignee Zhongshan Jializhi Technology Co., Ltd. The D'458 Patent claims "[t]he ornamental design for a ghost light, as shown and described." A true and correct copy of the D'458 Patent is attached as Exhibit 1.

12. Plaintiff is the owner by assignment of the entire right, title, and interest in and to the D'458 Patent, including the right to sue for and recover all damages and profits for infringement and the right to seek and obtain injunctive relief. The inventor named on the D'458 Patent, Jianan Chen, is the President of Plaintiff.

13. The D'458 Patent is valid and enforceable. It issued after examination by the USPTO, and it is entitled to a statutory presumption of validity under 35 U.S.C. § 282.

14. The Patented Design is not dictated by function; it is ornamental. The seven figures of the D'458 Patent disclose a decorative ghost light whose overall visual impression is defined by a specific and distinctive combination of ornamental features, including: a smoothly domed, draped "sheeted-ghost" body that tapers from a rounded crown to a flared skirt; a scalloped lower hem that rises and falls in a series of rounded points rather than terminating in a straight or plain edge; a "face" formed by three apertures, two larger, vertically offset upper openings and a smaller lower opening, arranged asymmetrically on the crown; and, viewed from above, a radiating, multi-pointed star-like plan in which the draped folds

emanate from a central axis. These features, in combination, give the design an overall appearance that is its own.

15. The broken lines in the figures of the D'458 Patent depict environmental structure and portions of the article that form no part of the claimed design and are not claimed.

**B. Plaintiff's Product and Commercial Investment**

16. Plaintiff embodies the Patented Design in a decorative ghost light that it manufactures and sells to consumers in the United States, including through the Amazon.com and Temu.com marketplaces. Plaintiff has invested substantial resources in designing, developing, sourcing, marketing, and building goodwill in the product embodying the Patented Design.

17. The commercial value of a seasonal decorative product of this kind is concentrated and time-sensitive. Demand peaks sharply in the weeks preceding Halloween and collapses immediately afterward. Sales lost to infringers during that narrow window cannot be recaptured in the off-season; they are lost for the year.

**C. Defendants' Infringing Conduct**

18. Long after the Patented Design was created and made public, and without Plaintiff's authorization, each Defendant began advertising, offering to sell, selling, and importing into the United States, through the Amazon or Temu seller storefront and listing identifier (ASIN or product ID) identified for that Defendant on Schedule "A", a ghost-light product that embodies a design substantially the same as the Patented Design (each an "Accused Product").

19. The Accused Products are not merely similar to the Patented Design. In the eye of an ordinary observer, giving the attention a purchaser usually gives, each Accused Product appropriates the same domed and draped body, the same scalloped rising-and-falling hem,

the same three-aperture asymmetric "face," and the same overall visual impression that define the Patented Design. The resemblance is such as to deceive an ordinary observer and induce a purchase of the Accused Product supposing it to be Plaintiff's.

20. The claim charts attached to the Declaration of Jianan Chen, filed in support of Plaintiff's contemporaneous motion for a temporary restraining order, compare the figures of the D'458 Patent to each Accused Product on a product-by-product basis and are incorporated here by reference.

21. Upon information and belief, Defendants are not isolated actors who happened upon the same design. They are part of, or operate in the manner of, a network of overseas sellers who identify successful patented and branded products, copy them, and flood online marketplaces with low-cost imitations offered under a rotating set of seller aliases. Defendants use aliases, incomplete or false registration information, off-shore payment accounts, and the structural anonymity of the marketplace to avoid detection, frustrate enforcement, and, when confronted, to abandon one storefront and resume selling under another.

22. Each Defendant offers and sells its Accused Product in direct competition with Plaintiff's product, at the same marketplace, frequently at a lower price, and often accompanied by sales volumes in the thousands of units. Defendants' conduct diverts sales from Plaintiff, erodes the price at which the Patented Design can be sold, and destroys the exclusivity that is the whole value of the patent right.

23. Upon information and belief, Defendants hold the proceeds of their infringing sales in financial accounts, including accounts maintained by or through the Amazon and Temu marketplaces and third-party payment processors such as PayPal and Payoneer, that can be

moved offshore instantly and without notice. Sellers engaged in this conduct routinely dissipate or repatriate those proceeds upon learning of an enforcement action, leaving nothing behind to satisfy a judgment.

**COUNT I**

**INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,126,458**

24. Plaintiff realleges and incorporates paragraphs 1 through 23 as though fully set forth here.

25. The D’458 Patent is valid and enforceable and is presumed valid under 35 U.S.C. § 282.

26. Each Defendant has infringed and continues to infringe the D’458 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling within the United States, and by importing into the United States, its Accused Product, which embodies a design that an ordinary observer would find substantially the same as the design claimed in the D’458 Patent.

27. Each Defendant’s infringement has been and continues to be willful and deliberate. Defendants copied a design that is publicly disclosed in an issued United States patent, and they have continued to offer and sell the Accused Products with knowledge of, or willful blindness to, Plaintiff’s rights.

28. Plaintiff is entitled to recover, at its election, either the total profit each Defendant has made from the infringement under 35 U.S.C. § 289, an equitable remedy of disgorgement, or its damages under 35 U.S.C. § 284, in no event less than a reasonable royalty, together with interest and costs. Plaintiff expressly seeks an accounting of Defendants’ profits and the disgorgement of those profits as equitable relief, and the imposition of a constructive trust over the proceeds of Defendants’ infringing sales.

29. Defendants' infringement has caused, and unless enjoined will continue to cause, Plaintiff irreparable harm, lost sales and market share in a compressed seasonal window, price erosion, and the loss of the exclusivity the patent guarantees, for which there is no adequate remedy at law, particularly given Defendants' foreign residence, concealed identities, and demonstrated ability to move assets beyond the Court's reach. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

30. This is an exceptional case, entitling Plaintiff to its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zhongshan Jializhi Technology Co., Ltd. respectfully requests that the Court enter judgment in its favor and against each Defendant, and grant the following relief:

A. That the Court find each Defendant has infringed United States Design Patent No. D1,126,458;

B. That the Court preliminarily and permanently enjoin each Defendant, and its officers, agents, servants, employees, and all persons in active concert or participation with it, from making, using, offering to sell, selling, or importing any product that infringes the D'458 Patent, including the Accused Products and any product not more than colorably different from those found to infringe;

C. That the Court order an accounting of, and require each Defendant to disgorge, the total profit it has made from its infringement under 35 U.S.C. § 289, and impose a constructive trust over those proceeds;

D. That, in the alternative and at Plaintiff's election, the Court award Plaintiff its damages under 35 U.S.C. § 284, in no event less than a reasonable royalty, together with prejudgment and post-judgment interest;

E. That the Court enter an order restraining the transfer, withdrawal, or disposition of Defendants' assets, including funds held by the Amazon and Temu marketplaces and third-party payment processors, in an amount sufficient to preserve Plaintiff's equitable remedy of an accounting and disgorgement of profits;

F. That the Court authorize expedited discovery and service of process on Defendants by electronic means, and permit the initiating documents to be filed under seal until service is effected;

G. That the Court find this an exceptional case and award Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285, together with its costs; and

H. That the Court award such other and further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable as of right.

Dated: September 9, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
Florida Bar No. 112863
CARLSON IP LAW
412 E Madison Street, Suite 821
Tampa, FL 33602
Telephone: 813-445-5175
Email: cole@carlsoniplaw.com

*Attorney for Plaintiff*
*Zhongshan Jializhi Technology Co., Ltd.*