**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:26-cv-26215-BLOOM/Elfenbein

| | |
|---|---|
| **DOE CORP.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"** | ) ) ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RENEWED EX PARTE MOTION FOR EXPEDITED DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Plaintiff cannot name Defendants because Defendants have hidden who they are, and Plaintiff cannot collect a judgment against them unless it learns where their money is before they move it. Both problems have the same solution: a narrow set of early document requests to the marketplace and payment processors that already hold the answers. Plaintiff therefore moves, under Federal Rule of Civil Procedure 26(d)(1), for leave to serve that discovery in advance of the Rule 26(f) conference.

## BACKGROUND

Defendants are anonymous foreign sellers who offer infringing ghost-light products through Amazon and Temu storefronts operated under the aliases listed on Schedule "A." Their true names, physical addresses, and financial-account information are known not to Plaintiff but to the third parties that host their storefronts and process their payments, principally Amazon.com, Inc. and Amazon.com Services LLC, Whaleco Inc. (d/b/a Temu), and payment processors

including PayPal, Inc. and Payoneer Inc. Plaintiff has concurrently moved for a temporary restraining order that would freeze Defendants' accounts; the expedited discovery sought here is what makes that freeze, and any eventual judgment, real.

## ARGUMENT

### I. Good cause supports expedited discovery.

A court may authorize discovery before the Rule 26(f) conference "by court order." Fed. R. Civ. P. 26(d)(1). Courts in this Circuit permit expedited discovery on a showing of "good cause," which asks whether the request is reasonable "in light of all the surrounding circumstances." The standard is a practical one, and it is comfortably met where the discovery is needed to identify unknown defendants, to preserve the possibility of relief, and to prevent the dissipation or concealment of assets and evidence.

Each of those justifications is present, and more than once over. First, Plaintiff cannot effect service or amend to name the true defendants without discovering their identities and domiciles, which only the marketplace and payment processors possess; that information is also what the Court's Omnibus Order requires Plaintiff to detail, for each Defendant, in support of alternate service. Second, the asset restraint Plaintiff seeks cannot be implemented unless the specific accounts holding Defendants' proceeds are identified. Third, as Plaintiff's President attests, sellers of this kind move their funds offshore and abandon their storefronts within days of learning of suit; unless the account information is obtained and the funds located promptly, there will be nothing left to restrain and no one left to name. Good cause is not a close question here.

### II. The requested discovery is narrowly tailored.

Plaintiff does not seek merits discovery. It seeks a discrete set of documents from identified third parties, limited to what the case requires at this stage:

From the Amazon and Temu marketplaces: documents sufficient to identify, for each Seller Alias on Schedule "A," the seller's true name, domicile (including country of residence and any registered or beneficial-owner business address), physical and email addresses, and contact information; the financial accounts into which the marketplace remits the seller's proceeds; and the transaction and sales records for the accused listings;

From payment processors (including PayPal and Payoneer) and any financial institution identified as holding Defendants' proceeds: documents sufficient to identify the accounts associated with each Seller Alias, the account holders' identifying and contact information, and the current balances and transaction histories of those accounts; and

Leave to serve narrowly framed interrogatories and document requests on any Defendant who appears, and on any additional third party later identified as holding Defendants' identifying or financial information, limited to the same categories.

This discovery is aimed only at learning who Defendants are and where their infringing proceeds sit, the information necessary to serve Defendants, to give effect to the requested asset restraint, and to preserve Plaintiff's remedy. It imposes a modest burden on cooperative third parties who routinely produce such records, and none on Defendants beyond exposure of the facts they have concealed.

## CONCLUSION

The ordinary discovery schedule assumes defendants who can be named and found. These Defendants cannot be, until the third parties who host and bank them are asked. The Court should authorize the expedited discovery described above.

Dated: September 16, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
Florida Bar No. 112863
CARLSON IP LAW
412 E Madison Street, Suite 821
Tampa, FL 33602
Telephone: 813-445-5175
Email: cole@carlsoniplaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date set forth below, a true and correct copy of the foregoing was filed and, pursuant to a future order authorizing alternative service under Federal Rule of Civil Procedure 4(f)(3), will be served upon Defendants by electronic means at the email addresses associated with their respective seller accounts and/or by publication.

/s/ Cole Carlson
Cole Carlson