**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-26215-BB**

DOE CORP.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_________________________________________/

**REPRESENTED DEFENDANTS' EXPEDITED MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER, OPPOSITION TO ENTRY OF PRELIMINARY INJUNCTION, AND ALTERNATIVE MOTION TO INCREASE BOND AND EXPEDITE PRELIMINARY INJUNCTION HEARING**

Defendants identified on Schedule "A" as Nos. 3, 4, 7, 8, 9, 11, 12, 15, 19, 25, 31, 32, 35, 37, 38, 39, 44, 46, 47, and 48 (the "Represented Defendants"), through undersigned counsel, move on an expedited basis pursuant Local Rule 7.1(d)(2), and under Federal Rule of Civil Procedure 65(b)(4) to dissolve the sealed Temporary Restraining Order entered in this action (the "TRO"), oppose conversion of the TRO into a preliminary injunction, and, in the alternative, move under Rule 65(c) to increase the security posted by Plaintiff and under Rule 65(b)(3) for a preliminary injunction hearing at the earliest date the Court's calendar permits. The Represented Defendants appear for the limited purpose of this motion and do not waive, and expressly preserve, their defenses under Rule 12(b)(2) and 12(b)(5) and their objection to joinder under 35 U.S.C. § 299, which are presented in their concurrently filed Motion to Dismiss. The Represented Defendants seek a ruling on this motion prior to September 30, 2026, when sales of the accused products will

be rapidly increasing in sales, and each day of restrained sales will irreparably harm the Represented Defendants.

## INTRODUCTION

Plaintiff strategically obtained an *ex parte* restraint on the strength of U.S. Design Patent No. D1,126,458 (the "'458 Patent"), which claims the ornamental design for a "Ghost Light" after waiting for months, knowing that the defendants and the accused product would reach peak sales around the Halloween holiday. This matter could have and should have been promptly addressed when the plaintiff's patent granted on May 12, 2026, but plaintiff knowingly waited for a window of maximal pressure to do so. The Court should not condone plaintiff's improper litigation tactics.

The patent application was filed on August 23, 2024, and the patent issued on May 12, 2026. As the evidence attached to this response unequivocally demonstrates, the claimed design was on sale before Plaintiff applied for it, constituting invalidating prior art under 35 U.S.C. § 102(a). An Amazon listing, ASIN B0C9LNV2J1, offers a lit, sheet-draped, pole-mounted ghost with eyes and mouth. It carries four customer reviews marked "Verified Purchase" and dated August 19, 20, and 22, 2023, three of them with customer photographs of the product posted August 20 and 22, 2023. That product was publicly offered in the United States more than one year before the '458 Patent's effective filing date.

The same ordinary-observer comparison governs anticipation and infringement. If the ghost on that listing is substantially the same as the claimed design, the '458 Patent is anticipated, because the product was publicly sold before the critical date. If it is not, the claimed design is narrow enough that it does not reach the Represented Defendants' products either. On either view Plaintiff has not shown a likelihood of success, and the TRO should be dissolved.

Nor was the design new in 2023. Instructional videos published on YouTube in 2016, 2021, 2022 and early August 2023 show how to build a lighted, fabric-draped standing ghost with a rounded head and dark eyes and mouth, and Pottery Barn sells the same kind of lit, sheet-draped ghost at retail today. The ’458 Patent claims a Halloween decoration that the public had been making, filming and buying for years.

## BACKGROUND

Plaintiff filed this action on September 9, 2026. [ECF No. 1.] On September 10, 2026, the Court denied without prejudice Plaintiff’s first motions for a temporary restraining order, alternate service and expedited discovery, and directed Plaintiff to refile with a defendant-by-defendant showing. [ECF No. 11.] Plaintiff lodged a sealed Schedule “A” naming 49 defendants, 36 on Amazon and 13 on Temu [ECF No. 18], renewed its motions, and the Court thereafter entered the TRO under seal. Plaintiff filed notice of its bond on September 19, 2026. [ECF No. 21.] The TRO restrains defendants’ funds: on September 23, 2026, Plaintiff voluntarily dismissed Defendant No. 17 and moved, unopposed, to dissolve the asset restraint and release that defendant’s restrained funds. [ECF Nos. 22, 23.]

The ’458 Patent issued from Application No. 29/959,107, filed August 23, 2024. It claims no foreign priority. The only reference to a lighted ghost of record during prosecution was a Lowe’s “Haunted Living” product. The examiner did not have before him the Amazon listing described below.

The Amazon listing for ASIN B0C9LNV2J1 displays four customer reviews marked “Verified Purchase” and dated August 19, 20, and 22, 2023, three of them with customer photographs posted August 20 and 22, 2023. (Declaration of Nitin Kaushik (Ex. A) (“Kaushik Decl.”) ¶ 13 & Ex. 10.) One reviewer wrote on August 19, 2023, that she was “[g]lad I purchased

them early" (Id.) The product shown in the photographs is a ghost figure formed by a white fabric drape over a vertical support with a rounded head, illuminated from within, with dark eye and mouth features. The Represented Defendants will show, in the sealed supplemental filing described below, that listings Plaintiff accused on Schedule "A" offer this same product.

Lighted ghost decorations of this kind were publicly disclosed well before August 23, 2023. The following videos remain publicly posted on YouTube, each bearing the posting date shown: Craftie, *Tomato Cage Ghost* (Oct. 16, 2016) ("glowing Halloween ghost decoration" made from a tomato cage, string lights and a fabric tablecloth, with a printable ghost face); Creatively Erica, *How to Make Floating Ghosts* (Sept. 16, 2021); 9&10 News, *Crafting with the Katies: Making Tomato Cage Ghost Decorations* (Oct. 4, 2022); and octavia brown crafts and diys, *diy standing ghost* (Aug. 10, 2023). (Kaushik Decl. ¶¶ 3-6, 9 & Exs. 1-4 (screen captures with posting dates and video stills).) Pottery Barn sells a "Lit Ghost Collection" of sheet-draped, internally lit standing ghosts in 19-inch, 33-inch and 4-foot sizes. (Kaushik Decl. ¶ 10 & Ex. 7.) Two further videos, published within the year before the filing date, show the same construction: Time on Our Hands, *DIY Illuminated Ghosts for Halloween Porch Decor* (Sept. 3, 2023) (tomato cage, round white tablecloth, LED string lights, foam ball head, black eyes and mouth, offered as an alternative to Pottery Barn's "lit ghosts"), and Thrift Diving, *How to Make Halloween DIY Ghost Lights For Your Porch or Patio!* (Sept. 21, 2023). (Kaushik Decl. ¶¶ 7-9 & Exs. 5-6.)

The Represented Defendants are 20 of the 49 defendants and operate separate storefronts. Because the TRO expires fourteen days after entry unless extended, they file this motion now on the public record and the law. Each Represented Defendant will file a declaration on or before September 30, 2026, addressing its product, the amounts restrained, and the effect of the restraint

during the October selling season, together with a motion under Local Rule 5.4 to file under seal the materials that identify Schedule "A" defendants.

## LEGAL STANDARD

On two days' notice, a party restrained without notice may move to dissolve or modify the order, and the Court must hear and decide the motion "as promptly as justice requires." Fed. R. Civ. P. 65(b)(4). The burden remains on Plaintiff to establish each element that supported the restraint. Plaintiff must show (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent relief, (3) that the balance of equities favors relief, and (4) that relief serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In a patent case, Federal Circuit law governs the substantive questions bearing on likelihood of success. If the accused infringer raises a substantial question of invalidity, which is to say an invalidity defense that the patentee cannot show "lacks substantial merit," the patentee has not established a likelihood of success. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376-79 (Fed. Cir. 2009); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51, 1359 (Fed. Cir. 2001). The accused infringer need not prove invalidity by clear and convincing evidence at this stage. *Titan Tire*, 566 F.3d at 1379.

## ARGUMENT

### I. PLAINTIFF CANNOT SHOW A LIKELIHOOD OF SUCCESS.

#### A. The D458 Patent is invalid because the claimed design was on sale more than one year before the effective filing date.

The claimed design is not novel. A design is unpatentable if it was "in public use, on sale, or otherwise available to the public before the effective filing date." 35 U.S.C. § 102(a)(1). The one-year grace period in § 102(b)(1) excuses only disclosures made one year or less before the

effective filing date. A disclosure made more than one year earlier is prior art regardless of who made it. The effective filing date here is August 23, 2024, so any public sale before August 23, 2023, falls outside the grace period entirely.

The public record shows the product offered and purchased on ASIN B0C9LNV2J1 no later than August 19, 2023: four reviews marked "Verified Purchase" were posted between August 19 and August 22, 2023, each before the critical date. (Kaushik Decl. ¶ 13 & Ex. 10.) The seller's Amazon sales records, to be filed under seal with the Represented Defendants' declarations, will show the dates of their respective first sales. A design patent is anticipated if an ordinary observer, familiar with the prior art, would be deceived into thinking the prior design was the same as the patented design. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009). The test for anticipation and the test for infringement are the same. *Id.* at 1239-40 (quoting *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier.")).

The ghost shown in Exhibit 10 has the same overall appearance as the design shown in Figures 1 through 7 of the '458 Patent: a white fabric drape over a vertical support with a rounded head, with oval eye and mouth features. A product of that appearance, publicly offered before August 23, 2023, anticipates the '458 Patent. The Represented Defendants will further show in their sealed supplemental filing that listings Plaintiff itself accused on Schedule "A" offer this same product, so that on Plaintiff's own comparison the product anticipates the claimed design. Even just one of those multiple prior art references would raise a substantial question of validity, and would defeat the likelihood-of-success showing on which the TRO rests. *Titan Tire*, 566 F.3d at 1379.

**B. The D458 Patent is invalid because published videos and retail sales disclosed the claimed design, or made it obvious, years before filing.**

In addition to the sale of near-identical products prior to plaintiff's application date, videos also show invalidating prior art, both as to novelty under § 102 and as to obviousness under § 103. A video posted to a public platform and indexed for search is a disclosure "otherwise available to the public" under 35 U.S.C. § 102(a)(1). That includes: The Craftie (2016), Creatively Erica (2021), 9&10 News (2022) and octavia brown (Aug. 10, 2023), each of which preexist the critical date of August 23, 2023, and fall outside any grace period. Each shows a ghost formed by fabric draped over an internal frame, with a rounded head and oval-shaped eye and mouth features. The video frames reproduced in Exhibits 1-4 to the Kaushik Declaration show the same overall appearance as Figures 1 through 7 of the '458 Patent. The Time on Our Hands and Thrift Diving videos, published in September 2023, are prior art as well unless Plaintiff proves that its inventor publicly disclosed the design first. 35 U.S.C. § 102(b)(1)(B).

Even if no single reference were identical to the claimed design, the claimed design would have been an obvious combination of those preexisting designs. 35 U.S.C. § 103. Obviousness of a design is judged under the same flexible *Graham* framework that governs utility patents, asking whether a designer of ordinary skill would have found it obvious to create the claimed design from the prior art. *LKQ Corp. v. GM Global Tech. Operations LLC*, 102 F.4th 1280, 1293-99 (Fed. Cir. 2024) (en banc) (overruling the *Durling-Rosen* framework and adopting *Graham* test). A designer of Halloween decorations in 2024, with these videos in view, needed no inventive step to arrive at a sheet-draped ghost on a support with oval eyes and mouth. At a minimum, these references raise a substantial question of validity. *Titan Tire*, 566 F.3d at 1379.

### C. The examiner never considered this prior art.

The presumption of validity rests in part on the expertise of the examining agency. Where the challenger relies on prior art the examiner never saw, that rationale "seems much diminished," and the factfinder may take the new evidence into account in weighing whether invalidity has been shown. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 110-11 (2011).

### D. In a crowded field, the claimed design is narrow and the Represented Defendants' products fall outside it.

Design patent infringement is judged from the perspective of an ordinary observer familiar with the prior art. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). Where the field is "crowded," with multiple designs with slight variation among them, small differences between the claimed and accused designs that might not be noticeable in the abstract become significant to the ordinary observer, and the scope of protection is correspondingly narrow. *Id.* at 676-78. Sheet-draped ghost decorations were sold widely before August 2024, including the published videos and Pottery Barn product described above, hanging lighted ghosts sold on Amazon since 2021, and the product on ASIN B0C9LNV2J1 itself, and Grandin Road continues to sell a staked, lighted ghost set of the same general form (item no. 161352). (Kaushik Decl. ¶¶ 3-13 & Exs. 1-10.) Plaintiff has made no defendant-specific showing that an ordinary observer familiar with this art would mistake any Represented Defendant's product for the claimed design.

## II. PLAINTIFF HAS NOT SHOWN IRREPARABLE HARM.

There is no presumption of irreparable harm in patent cases. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-93 (2006). The patentee must show that it will suffer irreparable harm absent relief and a causal nexus between that harm and the alleged infringement. *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012).Plaintiff cannot meet that burden.

First, the product on ASIN B0C9LNV2J1 has been publicly offered since 2023, before Plaintiff applied for its patent, and Plaintiff waited four months after issuance to sue. Harm that Plaintiff has tolerated in the marketplace for three years is not the kind of imminent injury that justifies an *ex parte* restraint.

Second, nothing in the record available to the Represented Defendants identifies any lost sale, customer, or price erosion attributable to any Represented Defendant, or any product Plaintiff sells in the United States that embodies the claimed design. Third, any injury is compensable in money. Every accused sale occurred on Amazon or Temu, and each platform records units, price and revenue by listing. Plaintiff has itself moved for exactly those transaction records. [ECF No. 15.] Losses that can be calculated from platform data are not irreparable.

## III. THE BALANCE OF HARDSHIPS AND THE PUBLIC INTEREST FAVOR DISSOLUTION.

The restraint was strategically-timed by plaintiff to impose the greatest possible pressure on defendants, with plaintiff pursuing the matter against the Represented Defendants during the critical weeks before October 31, 2026, the Halloween holiday, when a seasonal decoration makes most of its annual sales. Every day of restraint in October destroys sales that the the Represented Defendants would otherwise made, and which cannot be recovered post-holiday in November. The Represented Defendants' declarations will estimate their respective losses. Apart from lost sales, the TRO also restrains the Represented Defendants' funds, as Plaintiff's own motion to release the restrained funds of a settling defendant confirms. [ECF No. 23.] Plaintiff, by contrast, retains its damages claim in full. The public interest is not served by enforcing a patent of dubious validity against products that were on the market long before the patent was applied for.

## IV. THE ASSET RESTRAINT EXCEEDS WHAT THE CLAIMS SUPPORT.

A federal court lacks authority to freeze a defendant's assets before judgment to secure a claim for money damages. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). To the extent the TRO restrains funds beyond the proceeds of the specific accused listings, it secures nothing more than a potential damages award and should be dissolved. At a minimum, the restraint should be limited to the revenue attributable solely to the accused listings identified for each Represented Defendant on Schedule "A," while all other funds without any nexus to the alleged infringement (and other product listings) should be released immediately.

## V. IN THE ALTERNATIVE, THE BOND SHOULD BE INCREASED.

The Court may issue a restraint "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The bond Plaintiff posted [ECF No. 21] covers 49 defendants across two marketplaces during their peak selling season. If any part of the TRO remains in effect, the Represented Defendants request that the Court require Plaintiff to post additional security in an amount to be fixed on the declarations they will file by September 30, 2026, failing which the TRO dissolves as to them. A $5,000 bond is wholly inadequate for a multi-defendant case where each defendant's damages from being improperly enjoined could well exceed that amount—to say nothing of a possible claim to attorney's fees for plaintiff's assertion of an invalid patent pursuant to 35 U.S.C. § 285. Plaintiff should be required to post a bond of $5,000 per defendant.

## VI. IN THE ALTERNATIVE, THE COURT SHOULD SET AN EXPEDITED PRELIMINARY INJUNCTION HEARING AND DECLINE ANY EXTENSION.

A TRO issued without notice expires within fourteen days unless extended for good cause, and when one issues, the preliminary injunction motion "must be set for hearing at the earliest possible time." Fed. R. Civ. P. 65(b)(2), (b)(3). The Represented Defendants do not consent to any extension. If the Court does not dissolve the TRO on the papers, they request (a) an evidentiary preliminary injunction hearing at the Court's earliest availability; (b) an order that Plaintiff produce, three days before that hearing, its records of the conception, first public display and first sale of the claimed design and of any product it sells embodying it; and (c) a scheduling order setting an early deadline for any motion on validity, so that the question the listing history raises is decided before the next selling season rather than after it. Moreover, as the foregoing shows, the defendants would request bifurcation of discovery as to the patent's validity prior to discovery respecting infringement and damages.

## CONCLUSION

WHEREFORE The Represented Defendants request that the Court

a) order plaintiff to respond to this motion in expedited fashion;

b) grant this motion on a similarly expedited basis not later than September 30, 2026;

c) dissolve the TRO as to them and order Amazon, Temu and any payment provider to release their listings and funds;

d) deny entry of a preliminary injunction;

e) in the alternative, limit any restraint to the proceeds of the accused listings and require Plaintiff to post additional security in an amount to be fixed on the Represented Defendants' supplemental declarations;

f) in the further alternative, set an expedited evidentiary hearing as requested above and decline any extension of the TRO; and

g) grant such further relief as is just.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), on September 24, 2026, counsel Nitin Kaushik emailed Plaintiff's counsel, Cole Y. Carlson, Esq., at 4:35 PM EDT describing the relief requested in this motion and requesting Plaintiff's position. Plaintiff's counsel had not responded when this motion was filed, but will continue to endeavor to confer with plaintiff's counsel and will file an amended certificate of conferral if any agreement can be reached. Because the temporary restraining order expires by its terms by October 3, 2026 and every day of restraint falls in the Represented Defendants' peak selling season, the motion is being filed on an expedited basis under Local Rule 7.1(d) without awaiting a response. Undersigned counsel will file a notice of Plaintiff's position promptly upon receiving it.

Dated: September 24, 2026

__/s/ Griffin Klema________
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
Klema Law, P.L.
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

Nitin Kaushik, Esq. (admitted *pro hac vice*)
N.Y. Bar Reg. No. 4625497
nkaushik@kaushiklex.com
Kaushik & Associates, PLLC
1600 Perrineville Road, Suite 2-400
Monroe Township, NJ 08831

Telephone: 908-560-7265

*Counsel for the Represented Defendants*