**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 1:26-cv-26215-BLOOM/Elfenbein

ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_________________________________________/

**PLAINTIFF'S UNOPPOSED MOTION TO UNSEAL THE RECORD, TO TERMINATE PSEUDONYMOUS DESIGNATION, AND TO RESTORE THE CAPTION, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, proceeding under the pseudonym "Doe Corp." pursuant to the Court's Order of September 10, 2026, [ECF No. 9], moves under Local Rule 5.4 for an order (1) unsealing every sealed or restricted filing in this action, (2) terminating the pseudonymous designation and restoring Plaintiff's true name, Zhongshan Jializhi Technology Co., Ltd., to the caption and docket, and (3) lifting the redaction of the patent-in-suit from the public record. The sealing Plaintiff requested was meant to last only until the asset restraint took hold and Defendants were served. Both have happened. Nothing is left to protect, and the pending Rule 65 motions should be decided on a record the public and every Defendant can read.

## BACKGROUND

Plaintiff filed this design patent action on September 9, 2026, against 49 Amazon and Temu sellers identified on Schedule "A." [ECF No. 1.] The next day Plaintiff moved on an emergency

basis to seal the initiating papers, to proceed under a pseudonym, and to redact the patent-in-suit from the public record. [ECF No. 4.] The motion rested on one concern: that Defendants, once alerted to the suit, would move their proceeds offshore and reopen under new aliases before any restraint could issue. Plaintiff supported that concern with evidence that a monitoring service was already circulating alerts to named sellers. [ECF No. 4-1.]

The Court granted the motion. It sealed the Complaint and its exhibits [ECF No. 1], the TRO Motion and its supporting materials, including the declaration of Plaintiff's President and his claim charts [ECF No. 5], and the Declaration of Cole Carlson and its exhibit [ECF No. 4-1], and it allowed Plaintiff to proceed as "Doe Corp." "[u]ntil further order of the Court." [ECF No. 9.] Following the Court's Omnibus Order [ECF No. 11], Plaintiff filed its renewed motions and a sealed Schedule "A" [ECF Nos. 13, 14, 15, 16, 17, 18], and the Court entered its Sealed Omnibus Order granting a temporary restraining order, alternate service, and expedited discovery. [ECF No. 20.]

Since then the case has moved into the open. Plaintiff posted its bond on September 19, 2026 [ECF No. 21], and the restraint took effect. Plaintiff has voluntarily dismissed four settling Defendants and obtained release of their restrained funds. [ECF Nos. 22, 23, 25, 26, 28, 34.] On September 25, 2026, Plaintiff served the Complaint, Schedule "A," the Summons, the TRO Motion, the TRO, and the related papers on every Defendant and every appearing counsel by the email means the Court authorized. [ECF No. 37.] Three sets of defense counsel have appeared for at least twenty-nine Defendants. [ECF Nos. 12, 24, 27.] Two groups have moved to dissolve the TRO, and the Court has ordered Plaintiff to respond by September 29, 2026. [ECF Nos. 30, 32, 35, 36.] One of those motions asks the Court to unseal the record and to end the pseudonym. [ECF No. 32 at 8, 10.] Plaintiff agrees.

## MEMORANDUM OF LAW

### I. The Justification for Sealing Has Expired.

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). That rule tracks the common-law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The right is "an essential component of our system of justice" and "is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). It is not absolute, *Nixon*, 435 U.S. at 598, and a party may overcome it on a showing of good cause, which the Court measures by balancing the public's interest in access against the movant's interest in confidentiality. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Among the factors are "the degree of and likelihood of injury if made public" and "the availability of a less onerous alternative to sealing the documents." *Id.* Whether to maintain or lift a seal is committed to the Court's discretion, "to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

The sealed papers here are the heart of the case. They include the Complaint, the evidence and claim charts on which the TRO rests, and the TRO itself. Material "presented to the court to invoke its powers or affect its decisions" is subject to the public right of access. *Romero*, 480 F.3d at 1246. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Good cause existed on September 10 because disclosure would have defeated the relief Plaintiff sought. It does not exist today. The injury Plaintiff feared was the dissipation of assets and the abandonment of storefronts before a restraint could bind the marketplaces. The restraint is

now in place, the bond is posted, the marketplaces have acted, and every Defendant has been served with the sealed papers themselves. [ECF Nos. 21, 37.] Keeping those papers off the public docket protects no one. The balance under *Romero* now runs entirely toward access, and Plaintiff asks the Court to strike it that way.

## II. The Pseudonym Should End for the Same Reason.

Rule 10(a) requires that a pleading "name all the parties." Fed. R. Civ. P. 10(a). The rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties," and it "creates a strong presumption in favor of parties' proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). A party may proceed anonymously only on a showing of "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 1315-16 (quoting *Frank*, 951 F.2d at 323). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323.

Plaintiff never claimed a personal privacy interest. It sought the pseudonym, and the redaction of the patent number, for a tactical and temporary reason: a plaintiff's name and patent number are the two search terms a monitoring service needs to warn sellers that a restraint is coming. That window has closed. Plaintiff's identity and the patent are also no longer confidential in fact. The Represented Defendants' public motion identifies U.S. Design Patent No. D1,126,458 by number, recites its filing and issue dates, and discusses its prosecution history. [ECF No. 30 at 2-3.] The YZ Defendants report that the Complaint is available on third-party public databases and that Schedule "A" is circulating among Defendants. [ECF No. 32 at 3 n.1.] A pseudonym that conceals nothing serves no interest that could outweigh Rule 10(a). Plaintiff asks the Court to

terminate it, to direct the Clerk to restore Plaintiff's true name to the caption and docket, and to lift the redaction of the patent-in-suit.

**III. Unsealing Resolves Defendants' Access Objections and Clears the Way for the Rule 65 Motions.**

The YZ Defendants argue that they cannot respond fully to the TRO without the sealed record and ask the Court to unseal it and to end the pseudonym. [ECF No. 32 at 3, 8, 10.] The Represented Defendants state that they intend to move under Local Rule 5.4 to seal their own materials to the extent those materials identify Schedule "A" Defendants. [ECF No. 30 at 4-5.] Plaintiff has already served the full sealed record on every Defendant and every appearing counsel. [ECF No. 37.] [Plaintiff has also sent a complete copy of the sealed record directly to counsel for each appearing defense group, and will send any missing item within twenty-four hours of a request.] Unsealing the docket completes the job. It moots items (6) and (7) of the YZ Defendants' requested relief, removes any need for Defendants to seek leave to file under seal on account of Schedule "A," and allows the Court to decide the pending motions to dissolve, and any motion for preliminary injunction, on a single public record that every party can cite.

Upon entry of an order granting this Motion, Plaintiff will add each previously sealed Defendant to CM/ECF within three days, as Local Rule 5.4(e)(3) requires, and will file public copies of any document the Clerk is unable to unseal in its existing form.

**CONCLUSION**

Plaintiff respectfully requests that the Court enter the proposed order submitted with this Motion, which:

(a) directs the Clerk to unseal ECF Nos. 1, 4-1, 5, 13, 14, 16, 17, and 20, together with all attachments and exhibits, and any other entry in this action that is currently sealed or restricted;

(b) terminates the pseudonymous designation authorized by ECF No. 9 and directs the Clerk to replace "Doe Corp." with "Zhongshan Jializhi Technology Co., Ltd." in the caption and on the docket;

(c) lifts the redaction of U.S. Design Patent No. D1,126,458 from the public record;

(d) directs that all future filings bear the restored caption; and

(e) grants such further relief as the Court deems just.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), on September 25, 2026, counsel for Plaintiff conferred by email with counsel regarding the relief requested in this Motion. Each set of counsel that responded to Plaintiff has advised that his or her clients do not oppose the relief requested. Counsel Ziqi Yu did not respond to Plaintiff's conferral attempt and further attempts will be made by Plaintiff absent relief granted by the Court.

Dated: September 25, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

*Counsel for Plaintiff*
*Zhongshan Jializhi Techonology Co., Ltd.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will serve all counsel of record, and that I served the foregoing on all Defendants not yet represented by counsel by email to the addresses authorized in Paragraph 2 of the Court's Sealed Omnibus Order [ECF No. 20].

/s/ Cole Carlson
Cole Carlson