**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:26-cv-26215-BLOOM/Elfenbein

**ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**

Defendants.

**JOINT STIPULATION AND MOTION FOR DISMISSAL WITH PREJUDICE AS TO DEFENDANT NOS. 2, 6, AND 11**

Plaintiff Doe Corp. ("Plaintiff") and Defendant No. 2, Chimeijia Nanjing Design Co., Ltd. d/b/a AYGXU; Defendant No. 6, shenzhenshiduodianmaoyiyouxiangongsi d/b/a MoreDots US; and Defendant No. 11, Wuhan Dazhongjikeji youxiangongsi d/b/a DAZONGE (collectively, the "Dismissed Defendants," and together with Plaintiff, the "Stipulating Parties"), through undersigned counsel, stipulate to and jointly move under Federal Rule of Civil Procedure 41(a)(2) for entry of an order dismissing with prejudice all claims asserted in this action against the Dismissed Defendants. In support, the Stipulating Parties state:

1. Plaintiff has elected to dismiss its claims against the Dismissed Defendants, and the Dismissed Defendants consent to that dismissal on the terms set out below.

2. The Stipulating Parties proceed by motion under Rule 41(a)(2), rather than by self-executing stipulation under Rule 41(a)(1)(A)(ii), because other Defendants have appeared in this action, and a stipulation under Rule 41(a)(1)(A)(ii) must be signed by every party who has appeared in the action, not only the parties to the dismissal. *City of Jacksonville v. Jacksonville*

*Hosp. Holdings, L.P.*, 82 F.4th 1031 (11th Cir. 2023). Rule 41(a)(2) authorizes dismissal by court order "on terms that the court considers proper."

3. The Stipulating Parties agree to, and ask the Court to adopt, the following terms:

(a) All claims asserted in this action against the Dismissed Defendants are dismissed WITH PREJUDICE.

(b) Each Stipulating Party shall bear its own attorneys' fees, costs, and expenses.

(c) Each Stipulating Party waives, and shall not seek, any award of attorneys' fees, costs, expenses, damages, or sanctions against any other Stipulating Party or its counsel arising out of or relating to this action, whether under 35 U.S.C. § 285, 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, Federal Rule of Civil Procedure 65(c), or the Court's inherent authority. This waiver includes any claim against the security Plaintiff posted under Rule 65(c) [ECF No. 21] arising from the restraint of the Dismissed Defendants.

(d) The dismissal is not an adjudication of, or an admission by any Stipulating Party regarding, the validity, enforceability, or infringement of U.S. Design Patent No. D1,126,458.

(e) The dismissal applies solely to the Dismissed Defendants. This action remains pending against all other Defendants identified on Schedule "A."

4. Defendant No. 11 is one of the "Represented Defendants" that filed the Expedited Motion to Dissolve Temporary Restraining Order, Opposition to Entry of Preliminary Injunction, and Alternative Motion to Increase Bond and Expedite Preliminary Injunction Hearing [ECF No. 30]. Upon dismissal, that motion is moot as to Defendant No. 11, and the Stipulating Parties ask

the Court to deny it as moot as to Defendant No. 11 only. Defendant Nos. 2 and 6 are not movants on ECF No. 30.

5. Contemporaneously with this Joint Stipulation, Plaintiff is filing an Unopposed Motion to Dissolve Asset Restraint and Release Restrained Funds as to Defendant Nos. 2, 6, and 11. A single proposed order resolving both motions is submitted herewith.

WHEREFORE, the Stipulating Parties respectfully request that the Court enter an order dismissing with prejudice all claims against the Dismissed Defendants on the terms stated in Paragraph 3, and denying ECF No. [30] as moot as to Defendant No. 11.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Undersigned counsel for Plaintiff certifies that counsel for all Stipulating Parties conferred regarding the relief requested in this Joint Stipulation, and all Stipulating Parties agree to it, as reflected by their counsel's signatures below.

Dated: September 28, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com
*Counsel for Plaintiff*

/s/ Marcelo Diaz-Cortes
Marcelo Diaz-Cortes
Florida Bar No. 118166
LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, Florida 33131
Tel: (305) 403-8788
md@lklsg.com
*Counsel for Defendant Nos. 2, 6, and 11*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date set forth above, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that I will serve a copy of the foregoing on all Defendants that have not appeared by e-mail, as authorized by Paragraph 2 of the Court's Omnibus Order [ECF No. 20].

/s/ Cole Carlson
Cole Carlson