UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-cv-26215-BLOOM/Elfenbein

ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO YZ DEFENDANTS' EXPEDITED MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND OPPOSITION TO PRELIMINARY INJUNCTION [ECF No. 32]**

Plaintiff Zhongshan Jializhi Technology Co., Ltd. ("Plaintiff"), pursuant to the Court's Paperless Order of September 25, 2026 ECF No. [36], responds to the Expedited Motion to Dissolve Temporary Restraining Order filed by YanDe Store (No. 1), Joyehome Direct (No. 5), ORIENTAL CHERRY HOME (No. 14), VersaCharm (No. 16), Wantline (No. 18), FestalMart Direct (No. 20), SnowFlood (No. 30), and Giftoday (No. 36) (the "YZ Defendants"), ECF No. [32] (the "Motion"). The requests to unseal the record and to end the pseudonym are moot; the Court has granted them on Plaintiff's own motion. ECF Nos. [42, 43]. Plaintiff opposes the remainder of the Motion.

**INTRODUCTION**

The YZ Defendants build their Motion around a dilemma. If the D'458 Patent is broad enough to reach their products, they say, the prior art invalidates it; if it is narrow enough to survive

the prior art, it misses their products. The argument is tidy, and it assumes its conclusion. It works only if the prior art and the accused products share the same features. They do not.

The YZ Defendants treat ASIN B0C9LNV2J1 as their lead prior art, and Plaintiff does not dispute what it shows: a white, draped ghost with two oval eyes and an oval mouth, on the market before Plaintiff's design. Plaintiff does not claim that idea. The claimed design is a particular appearance: a tall, slender ghost falling in long, nearly vertical folds to a hem that ends in distinct pointed tips hanging free above the ground. ASIN B0C9LNV2J1 is a broad bell whose fabric pools on the ground. The accused products on which Plaintiff now seeks preliminary relief copy the claimed form. The prior art does not have it. There is no dilemma, only two different comparisons that come out differently because they involve different things. And the second listing the YZ Defendants add, ASIN B0D8HVR1GD, is not prior art at all. It postdates Plaintiff's own public sales and shows Plaintiff's design.

The Motion also never makes the product-by-product showing it demands of Plaintiff. Its Exhibit 1 is thirteen pages of images with no annotation, and the brief describes them only in the aggregate: "[m]any" of the products lack a mouth, and they have different dots "and/or" different shapes. ECF No. [32] at 6. The Motion does not say which product lacks which feature. Plaintiff has done that comparison, product by product, and has narrowed the relief it seeks accordingly. Plaintiff does not seek a preliminary injunction against, and does not oppose dissolution of the TRO as to, YZ Defendant Nos. 1 (YanDe Store), 30 (SnowFlood), and 36 (Giftoday), whose accused listings offer hanging ghosts on brooms, ghost string lights, and a swing ghost.[1] As to the remaining five, Nos. 5, 14, 16, 18, and 20, the TRO should stand.

[1] Plaintiff believes that these storefronts still infringe but does not believe it can currently meet the preliminary injunction standard for these storefronts based on the representations made in ECF

## BACKGROUND

The D'458 Patent issued on May 12, 2026, from an application filed August 23, 2024. ECF No. [1] at ¶ 11. The claimed ghost is tall and slender. Its body falls in long, nearly vertical folds from a domed crown, widening only slightly toward the bottom, to a hem that ends in a series of distinct pointed tips hanging free above the ground. Two oval eye pieces and a single elongated oval mouth piece sit on the surface of the crown. D'458 Patent, Figs. 1-7. Mr. Chen began the design at the end of 2023. Plaintiff made its first samples in April 2024, received its first order on April 30, 2024, and shipped its first production units on June 15, 2024; the product was first listed on Amazon on July 20, 2024. Supplemental Declaration of Jianan Chen ("Supp. Chen Decl.") at ¶¶ 2-7 & Exs. 1-3.

After the Court's Omnibus Order required a defendant-by-defendant showing, ECF No. [11], Plaintiff filed per-product claim charts comparing each accused product, including each of the thirteen ASINs listed in the YZ Defendants' Exhibit 1, to the figures of the D'458 Patent. ECF No. 13-1 (Declaration of Jianan Chen ("Chen Decl."). The Court entered the TRO, ECF No. [20], Plaintiff posted bond on September 19, 2026, ECF No. [21], and Plaintiff served the Complaint, Schedule "A," the TRO motion, the TRO, and all supporting papers on all defendants and all appearing counsel, including counsel for the YZ Defendants, on September 25, 2026. ECF No. [37].

## LEGAL STANDARD

Plaintiff bears the burden on each factor. Where validity is challenged, the Court "must determine whether it is more likely than not that the challenger will be able to prove at trial, by

---

No. 32. Further discovery is necessary to determine whether the alleged products can meet the ordinary observer test in light of the prior art disclosed.

clear and convincing evidence, that the patent is invalid." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009). The patentee "must show that the alleged infringer's defense lacks substantial merit." *Id.* at 1377 (emphasis omitted) (quoting *New England Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 883 (Fed. Cir. 1992)). Infringement is judged by whether an ordinary observer, familiar with the prior art, would find the accused design substantially the same as the claimed design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677-78 (Fed. Cir. 2008) (en banc).

## ARGUMENT

### I. PLAINTIFF IS LIKELY TO SUCCEED ON VALIDITY AND INFRINGEMENT.

#### A. ASIN B0C9LNV2J1 shares the known idea, not the claimed appearance.

The YZ Defendants adopt the Represented Defendants' on-sale theory, and Plaintiff addresses it in full in its concurrently filed response to ECF No. 30. In short, Plaintiff does not dispute that a draped ghost with two oval eyes and an oval mouth was on the market before Mr. Chen began his design at the end of 2023. Supp. Chen Decl. at ¶¶ 2, 9. Plaintiff does not claim that idea. The ghost on ASIN B0C9LNV2J1 widens from its head into a broad bell whose fabric spreads out and pools on the ground. The claimed ghost is tall and slender, with a hem that ends in distinct pointed tips hanging free above the ground. ECF No. [32-2] at 8; D'458 Patent, Figs. 1-7; Supp. Chen Decl. ¶ 10 & Ex. 4. Those are differences in the whole silhouette of the object, and they are exactly the features an ordinary observer familiar with that prior art would notice. *Egyptian Goddess*, 543 F.3d at 678.

The YZ Defendants concede, as they must, that Plaintiff "may contest whether the reviews correspond to the same product variant shown in the photographs and whether all claimed features appear in any single disclosure." ECF No. [32] at 5. Their burden also includes showing what the pre-filing product looked like, and their evidence of that is a 2026 listing page and customer

reviews. The current listing, which their counsel captured in China on September 25, 2026, advertises a DAZONGE product with an adjustable pole "between 3 ft and 5 ft" and "layered white fabric." ECF No. [32-2] at 8. A 2026 listing page is not evidence of an earlier design. *See DBEST Prods., Inc. v. Dongguan Xianghuo Trading Co.*, No. 2:25-cv-04573-MWC-JC, 2025 WL 3050090, at 6 (C.D. Cal. Sept. 15, 2025) (movant "has not established that the product being sold or advertised on the page now is the same as what was sold on the launch date, or when the products were reviewed"). "While evidence need not be admissible under the Federal Rules of Evidence, the Rules are still relevant as far as how the Court assigns weight and credibility." *Id.* A challenger relying on a review's photographs necessarily relies on "the out-of-court statements made by the reviewer that they purchased the product, that this purchase occurred in [the claimed year], and that the photographs contained in the review are of that product." *Topfire Ltd. v. Cook*, No. 2:23-cv-02503-DAD-JDP, ECF No. [80] at 21 (E.D. Cal. Sept. 22, 2026) (summary judgment). Even considered, "a blurry photo from an Amazon reviewer, taken by an unknown declarant, at an unknown time" is "not clear and convincing evidence" of what the earlier product looked like. *Id.* at 21 n.13; *see also LKRB Indus., LLC v. xuzhouaiyaxundianzishangwuyouxiangongsi*, No. 2:24-cv-01601-WSS, ECF No. [178] at 43-44 (W.D. Pa. Feb. 18, 2025) (declining to rest preliminary relief on unsworn Amazon reviews). No reviewer has given a declaration here, and neither counsel who captured the pages claims any knowledge of what was sold in 2023. ECF No. [30-1] ¶¶ 1-2; ECF No. 32-2 ¶¶ 2-3. But Plaintiff need not win that point. Even taking the listing at face value, it shows a different shape.

**B. One of the two additional listings has no dated image. The other shows Plaintiff's design, sold after Plaintiff disclosed it.**

The YZ Defendants add two more ASINs as "visual comparators." ECF No. [32] at 2, 5.

ASIN B0CHFRX4RS is supported by text reviews dated October 21, 22, and 31, 2023, a listing marked "Currently unavailable," and product images captured on September 25, 2026. ECF No. [32-2] ¶ 8 & Ex. E. There is no dated image of that product at all, and a 2026 page for an unavailable product says nothing about what was sold in 2023. *See DBEST*, 2025 WL 3050090, at *6. The reviews say only that the product "didn't stand up," that "[t]he base is too small," and that the "ghost curtain" blew away. *Id.* That is not a disclosure of any ornamental design, let alone this one.

ASIN B0D8HVR1GD is not prior art. The only dated evidence for it is a customer review of August 11, 2024. ECF No. [32-2] ¶ 5 & Ex. B. By then Plaintiff had shipped its first production units to its customer, the product had been listed publicly on Amazon since July 20, 2024, and customers had been buying it there since at least August 3, 2024. Supp. Chen Decl. ¶¶ 5-6, 11 & Exs. 2-3. A disclosure made one year or less before the effective filing date is not prior art if "the subject matter disclosed had, before such disclosure, been publicly disclosed by the inventor or a joint inventor or another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor." 35 U.S.C. § 102(b)(1)(B). Plaintiff's public listing came first, so a later third-party listing of the same design within the grace period is excluded.

The August 11, 2024 review photograph shows a ghost with the tall, slender form, the pointed hem, and the oval eye and mouth pieces of Plaintiff's design. ECF No. [32-2] Ex. B; Supp. Chen Decl. ¶ 12 & Ex. 5. Plaintiff did not supply that product. *Id.* The earliest evidence of it is dated three weeks after Plaintiff's design went on sale on Amazon. So when the YZ Defendants' Exhibit 1 places each accused product beside ASIN B0D8HVR1GD, it places each accused product beside a third party's version of Plaintiff's design, sold after Plaintiff put that design on the market. Where the two match, that is evidence of copying, not of invalidity.

The craft videos adopted from ECF No. 30 are, as Plaintiff's response to that motion explains, single frames of homemade decorations made from tomato cages, tablecloths, and printed paper faces. ECF No. [30-1] ¶ 2; ECF No. [30-2] at 2, 6. A tablecloth over a tomato cage takes the shape of the cage and the cloth, not the claimed design.

**C. The "dilemma" dissolves once the actual features are compared.**

The YZ Defendants correctly state the law. Anticipation and infringement use the same ordinary observer test, but "each inquiry compares a different pair of designs." ECF No. [32] at 5 (citing *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239-40 (Fed. Cir. 2009)). That is the answer to their dilemma. Plaintiff does not need the patent to be broad in one comparison and narrow in the other. It needs the Court to look at what is actually in each pair.

When the claimed and accused designs are not plainly dissimilar, the comparison is made against the prior art, and "differences . . . that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer who is conversant with the prior art." *Egyptian Goddess*, 543 F.3d at 678. That principle works in both directions. An observer who knows ASIN B0C9LNV2J1 and the tomato-cage crafts has already seen a draped ghost with an eyes-and-mouth face. That observer will not be struck by the face. The observer will notice what the claimed design adds: the tall, slender silhouette and the long, vertical fall of the drape. And the observer will notice those same features in each accused product on which Plaintiff seeks relief. PI Chen Decl. Ex. A-1. Plaintiff does not seek preliminary relief as to any such product.

The same principle answers the YZ Defendants' point about faces. They argue that some accused products have "two dots rather than three" or "round dots rather than the oval dots depicted in the patent." ECF No. [32] at 6. Because the eyes-and-mouth face is common to the prior art, differences in the face draw little of the ordinary observer's attention. What draws it is the silhouette. A change from three pieces to two, or from oval to round, does not change the overall

impression of a product that copies the claimed silhouette. The Court should guard against "the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Egyptian Goddess*, 543 F.3d at 679-80.

**D. Plaintiff has made the product-by-product showing. The YZ Defendants have not.**

The Motion demands a product-specific comparison and then declines to provide one. Its Exhibit 1 places images of each accused product beside the patent and the three prior-art listings, with no labels, no annotations, and no analysis. ECF No. [32-1]. The brief summarizes all thirteen pages in two sentences about what "[m]any" of the products have "and/or" lack. ECF No. [32] at 6. Plaintiff has done the comparison for each accused product. Chen Decl. at  It is summarized below.

| **Defendant / Accused Listing** | **Product** | **Comparison (PI Chen Decl. Ex. A-1)** | **Relief Sought** |
|---|---|---|---|
| No. 1 YanDe Store / B0H367YLMW; B0H2D6LQ12 | Hanging ghosts on brooms | Not a standing draped figure of the claimed kind | None; dissolution not opposed |
| No. 5 Joyehome Direct / B0GZNM19BD; B0GZNKMRVT | Tall, slender standing ghost with hat | Slender column; vertical folds; two oval eyes | Preliminary injunction |
| No. 14 ORIENTAL CHERRY HOME / B0GX82FP54 | Set of three tall standing ghosts | Tall figures; long vertical folds; two oval eyes | Preliminary injunction |
| No. 16 VersaCharm / B0F5HBF6J4 | Tall standing ghosts with hats | Tall, slender figures; two oval eyes | Preliminary injunction |
| No. 18 Wantline / B0F7R39ZZY | Tall standing ghosts with hats | Tall, slender figures; two oval eyes | Preliminary injunction |
| No. 20 FestalMart Direct / B0GZDVZLPW | Standing ghosts with hats | Slender column; vertical folds; two oval eyes | Preliminary injunction |
| No. 30 SnowFlood / B0H7R5CHLN | Ghost string lights | Not a draped figure of the claimed kind | None; dissolution not opposed |
| No. 36 Giftoday / B0H9H192DZ | Swing ghost | Not a standing draped figure of the claimed kind | None; dissolution not opposed |

## II. PLAINTIFF WILL BE IRREPARABLY HARMED ABSENT RELIEF.

Plaintiff's ghost light embodying the D'458 design is sold on Amazon, through Plaintiff's reseller, in direct competition with the accused products. Supp. Chen Decl. ¶ 6 & Ex. 3; ECF No. [1] at ¶¶ 16, 22. Demand is concentrated in the weeks before Halloween, and sales lost in that window cannot be recaptured. ECF No. [1] at ¶ 17. Direct competition, lost market share, and a defendant's inability to satisfy a judgment support a finding of irreparable harm. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151, 1155 (Fed. Cir. 2011) (permanent injunction). The causal nexus is direct. *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012). The accused products are decorative lights, bought for their appearance.

The delay argument fails for the reasons stated in Plaintiff's response to ECF No. [30]. Plaintiff could not sue before the patent issued, *Apple*, 678 F.3d at 1325, and delay "is but one factor to be considered." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1457 (Fed. Cir. 1988). The four months between issuance and suit were spent building the defendant-by-defendant record this Court requires. ECF No. [11].]Plaintiff sought a TRO the day after it filed.

## III. THE EQUITIES AND THE PUBLIC INTEREST FAVOR THE TRO.

The YZ Defendants' hardship is the loss of seasonal sales of the accused products. "One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). The TRO reaches only the accused listings and colorable imitations. ECF No. [20] ¶ 1(a)-(b). The YZ Defendants remain free to sell anything else. They say a freeze of an "entire seller account can also affect transactions unrelated to the accused articles" ECF No. [32] at 7, but the TRO should not have frozen entire accounts. See Part IV below. The public interest favors enforcing a patent presumed valid, 35 U.S.C. § 282(a), against products that copy it.

## IV. THE ASSET RESTRAINT IS ALREADY TAILORED, AND MARKING DOES NOT CHANGE THAT.

The YZ Defendants ask that funds "traceable to unrelated listings or unrelated transactions" be released. ECF No. [32] at 8. The TRO never restrained them. It restrains funds only up to the profits reasonably attributable to infringing sales, leaves any excess unrestrained, and allows any restrained party to move to modify. ECF No. [20] ¶ 1(c). No YZ Defendant has submitted any evidence of what has been restrained or that it exceeds those profits.

The legal basis for the restraint is the one the Court has already accepted. Plaintiff seeks an accounting and disgorgement of profits under 35 U.S.C. § 289 and a constructive trust over the proceeds of infringing sales. ECF No. [1] at ¶ 28 & Prayer ¶ C. "A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995). *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-25 (1999), distinguishes precisely that kind of case from a creditor's freeze to secure a legal debt. Courts that have narrowed Schedule "A" freezes under *Grupo Mexicano* have limited them to the proceeds of the accused products, which is where this TRO already starts. *See LKRB*, ECF No. [178] at 39 n.2 (limiting freeze to "all funds allegedly arising from the sale of the allegedly infringing products"). This Court has entered asset restraints in Schedule "A" design patent cases on this basis. *See XYZ Corp. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 23-cv-24366-BLOOM/Torres, ECF No. [30] (S.D. Fla. Jan. 30, 2024).

The marking argument is a single clause and does not help the YZ Defendants. ECF No. [32] at 8. Section 287(a) limits recovery for infringement before the infringer has notice, and "[f]iling of an action for infringement shall constitute such notice." 35 U.S.C. § 287(a). The patent

issued on May 12, 2026, so the only period § 287(a) could affect is the four months before suit. Every sale in the Halloween selling season is a post-notice sale. And an alleged infringer who challenges marking "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). The YZ Defendants have not done so.

Plaintiff agrees with one request. The existing security should remain in place pending further order. ECF No. [32] at 9. Plaintiff opposes any increase on this record. The amount of security "is a matter within the discretion of the trial court," which "may elect to require no security at all." *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (quoting *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. Unit B 1981)). The YZ Defendants offer no evidence of any loss. Dividing the bond by the number of defendants is arithmetic, not evidence. If the Court finds on evidence that additional security is warranted as to any YZ Defendant, Plaintiff asks for seven days to post it before any restraint is lifted.

## V. THE UNSEALING REQUEST HAS BEEN GRANTED, AND THE REMAINING PROCEDURAL REQUESTS ARE MOOT OR PREMATURE.

The sealing and the pseudonym served one purpose: to keep the defendants from learning of this action and moving their funds before the restraint took effect. ECF No. [9]. Once the restraint was in effect and the defendants were served, that purpose was spent, and Plaintiff moved to unseal the record and restore its name to the caption. ECF No. [38]. The Court granted that motion, and the Clerk has unsealed every document in the case and restored Plaintiff's name. ECF Nos. [42, 43. The YZ Defendants' request to unseal, and paragraph 5 of their proposed order, are moot.

The YZ Defendants' access complaint is moot. They say they had not received the complaint's attachments, the claim charts and declarations, or the TRO. ECF No. [32] at 3. Plaintiff served all of those papers on all appearing counsel on September 25, 2026. ECF No. [37].

The YZ Defendants also ask Plaintiff to "identify the grounds for personal jurisdiction and the steps taken to verify each seller's physical address." ECF No. [32] at 8. Plaintiff did so in its renewed motions, as the Omnibus Order required, and the Court authorized alternative service after reviewing that showing. ECF Nos. [11, 13, 14, 20] at ¶ 2. The YZ Defendants have now received those papers. They expressly reserve their jurisdiction and service objections, including their Hague Convention argument, for a separate Rule 12 motion. ECF No. [32] at 1, 8-9. Those issues are not before the Court, and Plaintiff will respond when they are.

Plaintiff does not object to a remote hearing. Plaintiff does object to paragraphs 2 and 3 of the proposed order, ECF No. [32-3], which would require Plaintiff to instruct every marketplace and payment processor to lift all restraints within twenty-four hours. That relief should not issue, because the TRO should not be dissolved.

## VI. THE TRO SHOULD BE EXTENDED THROUGH THE PRELIMINARY INJUNCTION RULING.

The TRO took effect when Plaintiff posted bond on September 19, 2026, and will expire on October 3, 2026, unless extended. ECF No. [20] at ¶ 1(f); ECF No. [21]. Plaintiff has filed its Motion for Preliminary Injunction concurrently with this response. ECF No. [50]. Good cause exists under Rule 65(b)(2) to extend the TRO until the Court rules on that motion. Two groups of defendants have filed contested motions in the last two days, one group has promised new evidence on September 30, 2026, and the Court should decide the preliminary injunction on a complete record without letting the restraint lapse in the interim.

## CONCLUSION

Plaintiff respectfully requests that the Court (1) grant the Motion, without opposition, as to YZ Defendant Nos. 1, 30, and 36, and deny the Motion's requests to dissolve the TRO, to lift the listing and asset restraints, and to deny a preliminary injunction as to Nos. 5, 14, 16, 18, and 20; (2) decline to increase security on the present record, while keeping the existing security in place; (3) deny as moot the request to unseal the record and end the pseudonym, which the Court has granted, ECF Nos. [42, 43]; (4) extend the TRO for good cause under Rule 65(b)(2), as to those five defendants, through the Court's ruling on Plaintiff's motion for preliminary injunction; and (5) set the preliminary injunction hearing, remotely if the Court prefers, at its earliest convenience.

Dated: September 29, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will serve all counsel of record, and that I served a copy by e-mail on all unrepresented Defendants in the manner authorized by the Court's Order, ECF No. [20] at ¶ 2.

/s/ Cole Carlson
Cole Carlson