UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-cv-26215-BLOOM/Elfenbein

ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS TO THE ENJOINED DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Zhongshan Jializhi Technology Co., Ltd. ("Plaintiff") moves under Federal Rule of Civil Procedure 65(a) and 35 U.S.C. § 283 for a preliminary injunction against the twenty-one defendants identified on Schedule 1 to the proposed order filed with this Motion (the "Enjoined Defendants"). As the Court's Omnibus Order requires, Plaintiff files this Motion separately from its earlier motion for a temporary restraining order. ECF No. [11] ¶ 1(a). The Enjoined Defendants are Schedule "A" Nos. 3, 5, 7, 8, 10, 12, 13, 14, 16, 18, 20, 21, 22, 24, 25, 37, 38, 43, 44, and 46.

**INTRODUCTION**

This Motion is narrower than the temporary restraining order, and deliberately so. The D'458 Patent claims the design of a ghost light: a tall, slender, draped figure whose sheet falls in long, nearly vertical folds from a domed crown, with oval eye and mouth pieces set on the crown. Having now reviewed each accused listing again against that design and against the closest prior

art the defendants have identified, Plaintiff moves only against the sellers whose accused products are standing or suspended draped-ghost figures of that kind.[1]

Plaintiff does not seek a preliminary injunction against the remaining defendants, whose accused listings offer string lights, garlands, swing ghosts, and similar products (Schedule "A" Nos. 1, 9, 23, 26 through 36, 39 through 42, and 47 through 49). Plaintiff will allow the temporary restraining order to expire as to those defendants on October 3, 2026, and will instruct the marketplaces accordingly. Plaintiff would rather ask the Court for relief it can defend product by product than for relief it cannot. *See ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A,"* 52 F.4th 934, 943-44 (Fed. Cir. 2022).

As to the Enjoined Defendants, each element is met. The patent is presumed valid, and the invalidity challenges raised in the pending motions to dissolve lack substantial merit for the reasons set out in Plaintiff's responses to those motions, filed today and incorporated herein. ECF Nos. 47, 48. Each Enjoined Defendant sells a product that an ordinary observer, familiar with the prior art, would take for the claimed design. Plaintiff's product embodying the design is sold in direct competition with them, in a season that ends on October 31. And the relief Plaintiff requests is tailored: it enjoins specific listings, and it limits the asset restraint to no more than the revenue each Enjoined Defendant's accused listings actually generated.

## BACKGROUND

**The patent and Plaintiff's product.** U.S. Design Patent No. D1,126,458 (the "D'458 Patent") issued on May 12, 2026, from an application filed August 23, 2024. ECF No. [1] at ¶ 11

[1] Plaintiff does not concede that the products of the defendants against whom it does not presently seek preliminary relief are non-infringing, and it reserves its claims against them. For purposes of this Motion, Plaintiff has elected to proceed against the accused products closest to the claimed design.

& Ex. 1. The claimed ghost is tall and slender. Its drape falls in long, nearly vertical folds from a domed crown, widening only slightly toward the bottom, to a hem that ends in a series of points. Two oval eye pieces and an elongated oval mouth piece sit on the surface of the crown. D'458 Patent, Figs. 1-7. Plaintiff's President, Jianan Chen, began the design at the end of 2023. Plaintiff made its first samples in April 2024, received its first order on April 30, 2024, and shipped its first production units on June 15, 2024; the product was first listed on Amazon on July 20, 2024. ECF No. [47-1], Supplemental Declaration of Jianan Chen ("Supp. Chen Decl.") ¶¶ 2-7 & Exs. 1-3.

**The TRO and what followed.** The Court entered a temporary restraining order on September 17, 2026, after Plaintiff made the defendant-by-defendant showing the Omnibus Order requires. ECF Nos. [11, 20]. Plaintiff posted bond on September 19, 2026, so the TRO expires on October 3, 2026, unless extended. ECF No. [20] at ¶ 1(f); ECF No. [21]. Plaintiff served the Complaint, the TRO, the TRO motion, and all supporting papers on every defendant and all appearing counsel by the means the Court authorized. ECF No. [37]. Plaintiff will serve this Motion the same way. Seven defendants have been dismissed. ECF Nos. [25, 34, 46]. Two groups of defendants have moved to dissolve the TRO. ECF Nos. [30, 32]. Plaintiff's responses to those motions are filed today. ECF Nos. [47, 48].

## LEGAL STANDARD

A preliminary injunction requires "(1) [a] substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (*per curiam*); *see also Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In a patent case, likelihood of success is governed by

Federal Circuit law. *ABC Corp. I*, 52 F.4th at 941. The movant must show that it will likely prove infringement, *id.* at 942, and it must make that showing for each accused product, *id.* at 943-44. Where the accused infringer raises a validity challenge, the Court "must determine whether it is more likely than not that the challenger will be able to prove at trial, by clear and convincing evidence, that the patent is invalid." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009). The Omnibus Order also requires a showing of personal jurisdiction and entitlement to relief as to each defendant which was previously made. ECF No. [11] ¶ 1(b)-(c).

**ARGUMENT**

**I. THE COURT HAS PERSONAL JURISDICTION OVER EACH ENJOINED DEFENDANT.**

Plaintiff bears the burden of making a prima facie case of personal jurisdiction over each defendant. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). Whether the Florida long-arm statute reaches a defendant is a question of Florida law, while the due process inquiry in a patent case is governed by Federal Circuit law. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

Plaintiff's counsel verified, listing by listing, that each Enjoined Defendant's accused listing offers the accused product for sale to, and delivery at, a Florida address. ECF No. [13-2] at ¶¶ 3-5. For ten Enjoined Defendants, Nos. 7, 8, 10, 12, 14, 16, 18, 20, 25, and 37, counsel went further: he bought the product and the defendant's storefront shipped it to his office in Tampa. ECF No. [13-2] at ¶¶ 6-7 & Ex. 1. Defendant No. 38 accepted a Florida order and began shipping it before recalling the shipment. ECF No. [13-2] at ¶ 7 n.1.

That conduct satisfies the long-arm statute. Each Enjoined Defendant commits a tortious act within Florida, Fla. Stat. § 48.193(1)(a)(2), because each offers to sell the accused product to Florida purchasers, and an offer to sell is itself an act of infringement. 35 U.S.C. § 271(a); *see 3D*

*Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378-79 (Fed. Cir. 1998) ("patent infringement results from an offer to sell as well as the sale itself"); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1308-09 (Fed. Cir. 2010) (an offer to sell is "a distinct act of infringement separate from an actual sale"). A listing that describes the product, states its price, and invites the purchaser to buy it for delivery to a Florida address is such an offer. *Cf. 3D Sys.*, 160 F.3d at 1379 (price quotation letters were offers to sell "based on the substance conveyed in the letters, i.e., a description of the allegedly infringing merchandise and the price at which it can be purchased"). Where infringing goods are "not only accessible on the website, but were sold to Florida customers through that website," section 48.193(1)(a)(2) is satisfied. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013). The same conduct establishes that each Enjoined Defendant carries on a business venture in Florida and causes injury here through products used in the ordinary course within the State. Fla. Stat. § 48.193(1)(a)(1), (6). In the alternative, jurisdiction lies under Rule 4(k)(2), because Plaintiff's claim arises under federal law and each Enjoined Defendant is a foreign seller that, on this record, is not subject to the general jurisdiction of any state.

Due process is satisfied for the same reasons. Each Enjoined Defendant chose to list the accused product on a marketplace serving the United States, to offer it for delivery to Florida, and, in certain cases, to ship it here. Plaintiff's claim arises directly from those Florida-directed offers and sales, and requiring a seller that reaches into Florida to answer here for the infringement it commits here is neither unfair nor unexpected. The Represented Defendants and the YZ Defendants have reserved jurisdictional objections for a later motion. ECF No. [30] at 1; ECF No. [32] at 1. None has submitted evidence contradicting Plaintiff's showing.

## II. PLAINTIFF IS SUBSTANTIALLY LIKELY TO SUCCEED ON THE MERITS AS TO EACH ENJOINED DEFENDANT.

### A. The D'458 Patent is likely to withstand the pending validity challenges.

The D'458 Patent is presumed valid, 35 U.S.C. § 282(a), and that presumption "is sufficient to establish a likelihood of success on the validity issue" absent a challenge that the patentee cannot show lacks substantial merit. *Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1205 (Fed. Cir. 2017); *Titan Tire*, 566 F.3d at 1377. The only challenges raised are those in the motions to dissolve, and Plaintiff answers them in full in its responses. ECF Nos. [47, 48]. In brief: the idea of a white, draped ghost with oval eyes and mouth was known before Plaintiff's design, and Plaintiff does not claim it. The closest reference, ASIN B0C9LNV2J1, is a broad bell whose fabric spreads outward into a wide skirt on the ground. The claimed design is a tall, slender figure whose drape falls in long, nearly vertical folds. The craft videos are single frames of homemade decorations built from tomato cages and tablecloths. ASIN B0D8HVR1GD post-dates Plaintiff's own public listing and sales, and shows Plaintiff's design. And the Represented Defendants' obviousness argument identifies no primary reference, no modification, and no reason to make one. *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1298-99 (Fed. Cir. 2024) (*en banc*).

### B. Each Enjoined Defendant's product infringes.

A design is infringed if, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528 (1871); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). Where the designs are not plainly dissimilar, the comparison is made against the prior art, and the ordinary observer's attention is drawn to the features of the claimed design that differ from it. *Egyptian Goddess*, 543 F.3d at 676-78; *ABC Corp. I*, 52 F.4th at 942. The deception

that matters "is a result of the similarities in the overall design, not of similarities in ornamental features in isolation." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (quotation omitted). And "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Id.* (quoting *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993)).

Against the prior art, what distinguishes the claimed design is its silhouette: a tall, slender figure, with a domed crown and a drape that falls in long, nearly vertical folds, rather than the broad, spreading bell of ASIN B0C9LNV2J1 or the tablecloth-over-a-cage shape of the craft videos. The face, two oval eyes and an oval mouth, is shared with the prior art. Under *ABC Corp. I*, a feature the prior art already has is "no more than a background feature of the design," and the analysis focuses on the others. 52 F.4th at 942-43. Mr. Chen compared each Enjoined Defendant's accused product to the patent figures, product by product. ECF No. 13-1. Each accused product is a tall, slender draped figure with a domed crown and long, vertical folds, and each carries oval eye pieces on the crown.

The differences the Enjoined Defendants point to do not change the overall impression. Many accused products are sold with a witch's hat. A hat is an accessory placed on top of the ghost. It is not part of the claimed design, and features outside the claim "may not serve as a valid basis for comparison." *Payless*, 998 F.2d at 990. Plaintiff's own product is sold with an optional hat for the same reason: the customer decides whether to add it. Supp. Chen Decl. at ¶ 3. Some accused products show two eye pieces rather than two eyes and a mouth. Because the eyes-and-mouth face is common to the prior art, a change in the number or shape of the facial pieces draws little of the ordinary observer's attention; what draws it is the silhouette, and the silhouette is

copied. And where an accused product's drape reaches the ground, it falls straight to meet it rather than spreading into the wide skirt of ASIN B0C9LNV2J1.

Nos. 21 and 22 sell the same figure suspended from above rather than standing on a stake. ECF No. 13-1 at 37-38. The stake in the patent figures is shown in broken lines and is not claimed. D'458 Patent, Fig. 1. A suspended figure with the claimed body, face, and hem has the claimed appearance.

## III. PLAINTIFF WILL BE IRREPARABLY HARMED ABSENT AN INJUNCTION.

Irreparable harm is not presumed. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-93 (2006). Plaintiff shows it. Plaintiff's product embodying the design is sold on Amazon through Plaintiff's reseller, in direct competition with the Enjoined Defendants, on the same marketplace, to the same customers. Supp. Chen Decl. ¶ 6 & Ex. 3. The product's demand is concentrated in the weeks before Halloween; sales lost in that window are lost for the year. Direct competition, lost market share, and a defendant's inability to satisfy a judgment are the recognized marks of irreparable harm. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151, 1155 (Fed. Cir. 2011) (permanent injunction). Every Enjoined Defendant is registered at an address in the People's Republic of China, and several carry negative or nominal balances with Amazon. A money judgment against them would be difficult or impossible to collect. The causal nexus is direct: the accused products are decorations, bought for how they look. *See Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012).

There was no disqualifying delay. Plaintiff could not sue before the patent issued, *id.* at 1325, and delay "is but one factor to be considered." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1457 (Fed. Cir. 1988). Plaintiff sued within four months of issuance, after building the defendant-by-defendant record the Omnibus Order requires, and sought a TRO the next day.

## IV. THE BALANCE OF HARDSHIPS AND THE PUBLIC INTEREST FAVOR AN INJUNCTION.

The injunction reaches only the listings identified on Schedule 1 and relistings of the same products. Each Enjoined Defendant remains free to sell any other product. "One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). The public interest favors enforcing a patent that is presumed valid against products that copy it. 35 U.S.C. § 282(a).

## V. THE ASSET RESTRAINT SHOULD CONTINUE, LIMITED TO EACH ENJOINED DEFENDANT'S ACCUSED REVENUE.

Plaintiff seeks an accounting and disgorgement of each defendant's profits under 35 U.S.C. § 289 and a constructive trust over the proceeds of the infringing sales. ECF No. [1] at ¶ 28 & Prayer ¶ C. "A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *see Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-25 (1999) (distinguishing *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940)). The Court found the TRO's restraint ancillary to that equitable relief. [ECF No. 20 at 4.]

Plaintiff asks that the restraint continue, but on narrower and more precise terms than the TRO. An infringer's total profit cannot exceed its revenue. The proposed order therefore caps the restraint for each Amazon Enjoined Defendant at the lesser of its restrained balance and the net revenue of its accused ASINs and directs the release of anything above that amount. For the Temu Enjoined Defendants, for which Whaleco has not yet produced, the order restrains funds only up to the revenue of the accused product IDs, to be identified by Whaleco, and permits any restrained party to move for release on a showing of that figure. Courts that have narrowed Schedule "A"

freezes have done so in exactly this way. *See LKRB Indus., LLC v. xuzhouaiyaxundianzishangwuyouxiangongsi*, No. 2:24-cv-01601-WSS, ECF No. 178 at 39 n.2 (W.D. Pa. Feb. 18, 2025) (limiting the freeze to "all funds allegedly arising from the sale of the allegedly infringing products").

## VI. THE EXISTING BOND IS ADEQUATE.

"[T]he amount of security required by the rule is a matter within the discretion of the trial court . . . [, and] the court may elect to require no security at all." *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (quotation omitted). The injunction Plaintiff seeks is narrower than the TRO in every respect: it reaches fewer defendants, only specified listings, and only capped amounts. Plaintiff asks that the $5,000 bond already posted, ECF No. [21], continue as security for the preliminary injunction.

## VII. THE INJUNCTION SHOULD IDENTIFY THE ENJOINED PRODUCTS SPECIFICALLY, AND THE TRO SHOULD BE EXTENDED UNTIL THE COURT RULES.

An injunction must "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). The proposed order does that. It identifies each Enjoined Defendant's accused listings by ASIN or Temu product ID, and it reaches relistings of the same products under other identifiers, rather than any product that might be said to resemble the design. *See ABC Corp. I*, 52 F.4th at 945-46**.**

The TRO expires on October 3, 2026. Plaintiff asks the Court to extend it for good cause as to the Enjoined Defendants until it rules on this Motion. Fed. R. Civ. P. 65(b)(2). Good cause exists: two motions to dissolve are pending, the Represented Defendants have promised further evidence on September 30, 2026, and the Court should decide this Motion on a complete record without letting the restraint lapse in the interim. Plaintiff requests a hearing at the Court's earliest convenience, and has no objection to remote participation by counsel.

## CONCLUSION

Plaintiff respectfully requests that the Court enter the proposed preliminary injunction against the Enjoined Defendants, continue the asset restraint as limited in the proposed order, continue the existing bond, and extend the TRO as to the Enjoined Defendants until it rules on this Motion.

## CERTIFICATE OF CONFERRAL

Motions for injunctive relief are excepted from the conferral requirement of Local Rule 7.1(a)(3).

Dated: September 29, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will serve all counsel of record, and that I served a copy, with its exhibits and the proposed order, on each Enjoined Defendant that has not appeared by e-mail in the manner authorized by the Court's Order, ECF No. [20] at ¶ 2.

/s/ Cole Carlson
Cole Carlson