**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:26-cv-26215-BLOOM/Elfenbein**

**ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,**

**Plaintiff**

**v.**

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**

**Defendants**

______________________________________/

## YZ DEFENDANTS' REPLY IN SUPPORT OF EXPEDITED MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER [ECF No. 32]

Plaintiff's opposition concedes the central point for three YZ Defendants: it does not oppose dissolution of the temporary restraining order ("TRO") as to YanDe Store (No. 1), SnowFlood (No. 30), and Giftoday (No. 36), and seeks no preliminary injunction against them. ECF No. 49 at 2, 8, 13. The Court should grant that relief now and direct notice to Amazon and any other recipient of the restraint.

As to the other five YZ Defendants, Plaintiff's newly stated product categories do not cure its original unidentified "representative" image and conclusory checkmarks in ECF No. 13-1. Indeed, its admissions in ECF No. 49 show why a single comparison cannot cover materially different products. This Reply addresses those new assertions, Plaintiff's supplemental declaration, and its request in the opposition to extend the TRO. The annotated demonstrative filed with this reply (Exhibit 1) reproduces only imagery already in ECF Nos. 32-1 and 32-2, with source citations; it highlights existing record for rebuttal and offers no new product or historical photograph.

Plaintiff bears the burden of establishing a likelihood of success sufficient to justify continued preliminary relief. YZ Defendants' prior-art evidence and product-specific comparisons demonstrate why that burden has not been met. YZ Defendants need not obtain a final

determination of or noninfringement or invalidity to defeat continued interim relief. The current record has already raised a substantial validity challenge and an invalidity-noninfringement dilemma that Plaintiff has not shown lacks substantial merit and independently undermines Plaintiff's showing of likely infringement of a valid patent. *See Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377–80 (Fed. Cir. 2009); *ABC Corp. I v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 52 F.4th 934, 942–44 (Fed. Cir. 2022). Therefore, YZ Defendants' expedited motion, ECF No. 32, should be immediately granted.

**I. Plaintiff's concessions permit immediate partial relief**

Plaintiff says the sealed record and pseudonym have been lifted, ECF Nos. 42–43, and that it supplied counsel the papers on September 25, ECF No. 37. ECF No. 49 at 11–12. YZ Defendants do not renew those requests. Nor do they ask the Court to decide their reserved Rule 12(b)(2) and (5) objections in this Reply. Plaintiff's express nonopposition is dispositive of continued restraints as to YZ Defendants Nos. 1, 30, and 36. Though the footnote says it still believes those sellers infringe but cannot now satisfy the preliminary-injunction standard, ECF No. 49 at 2 n.1, that is not a basis to retain their TRO, listings restraint, or related funds restraint. Plaintiff should be directed to immediately transmit a partial dissolution order promptly to every recipient of its TRO notices and to copy counsel. ECF No. 32-3 ¶¶ 2–3. Defendant No. 20's three accused but unmentioned listings and Defendant No. 5's swing listing also require separate treatment and deserve immediate release, as discussed below.

**II. The Amazon screenshots in ECF No. 32-2 should be considered**

Plaintiff answers an alleged "on-sale theory" by showing that Mr. Chen began work at the end of 2023 and that Plaintiff's own product was first ordered in April, shipped in June, and publicly listed in July 2024. ECF No. 49 at 3–6; ECF No. 49-1, Supp. Chen Decl. ¶¶ 2–7. Even assuming that assertion is true, whatever separate on-sale argument other defendants advance, this motion does not depend on proving the terms of a 2023 sale or on treating Plaintiff's 2024 product as its own invalidating art. ECF No. 32 at 4–6 also invokes the independent public-disclosure language of 35 U.S.C. § 102(a)(1). ECF No. 32-2 at 10 displays a publicly viewable Amazon review dated August 21, 2023 with its own customer photograph of two draped, lighted ghosts. The review date precedes both the August 23, 2023 one-year date and Mr. Chen's alleged end-of-2023 commencement of work. Mr. Chen confirms that ASIN B0C9LNV2J1 was not supplied by

Plaintiff and that the draped ghost with oval eye and mouth pieces was already known before he allegedly designed the claimed product. ECF No. 49-1, Supp. Chen Decl. ¶¶ 2, 8–10. When the photograph being part of the public 2023 review (which is very likely), an inventor-origin grace-period exception for Plaintiff's 2024 disclosures would not exclude that independent earlier disclosure.

Additionally, YZ Defendants do not ask for a final invalidity judgment under clear and convincing standard on this record. Interim proceedings like TRO permit consideration of appropriate affidavit and hearsay materials. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). Plaintiff also expressly seeks to only limit the weight of the screenshots, not to exclude them. ECF No. 48 at 4–5; Plaintiff's response's cases about contemporary listings and unsworn reviews go to evidentiary weight. ECF No. 49 at 4–6. Therefore, the Amazon screenshots in ECF No. 32-2 should be considered at this TRO stage.

The screenshot associates a customer photograph with a review bearing an August 21, 2023 date. ECF No. 32-2 at 10. Plaintiff's acknowledgment that the earlier independent design existed, ECF No. 49-1 Supp. Chen Decl. ¶¶ 8–10, adds context. The photograph shows vertical fabric falls, oval facial pieces, and a draped ghost silhouette to an ordinary observer familiar with the prior art. Plaintiff calls the photographed design a broad bell that pools on the ground; however, the image shows two distinct figures, including a relatively narrow, vertically draped figure. The Court can later assess the photograph's and the patent claim's limitations (assuming the patent being valid) itself. The question on interim relief is whether Plaintiff has shown that the validity challenge lacks substantial merit, not whether Defendants have already obtained a final clear-and-convincing-evidence invalidity judgment. *Titan Tire Corp.*, 566 F.3d at 1377–79.

Plaintiff also invokes § 102(b)(1)(B) concerning the August 11, 2024 image associated with ASIN B0D8HVR1GD. ECF No. 49 at 6. Whether Plaintiff's alleged July listing publicly disclosed the same subject matter before that third-party image depends on the dated contents of each disclosure; sequence alone does not establish that the statutory exception covers every feature at issue. Anyway, the Court does not have to resolve that issue to assess the independent August 2023 evidence ASIN B0C9LNV2J1 and perform the ordinary-observer comparison.

**III. Plaintiff's own charts and concessions fail to satisfy the merits burden for TRO**

Plaintiff's infringement contentions fail to establish likelihood of success on the merits because they fail to provide the product-specific analysis required for design patents. *ABC Corp. I* requires product-specific infringement analysis when material differences exist among accused designs, especially where the shared dominant feature is in prior art. 52 F.4th at 941–45. Though the Federal Circuit acknowledged that grouping may work if products differ only insignificantly, Plaintiff's own concessions and the swing, garland, dome, tabletop, and standing configurations foreclose that premise here. *ABC Corp. I*, 52 F.4th at 944–45 & n.9. *Range of Motion Products, LLC v. Armaid Co.*, 166 F.4th 981, 989–93 (Fed. Cir. 2026), likewise calls for attention to the overall visual impression, including whether a challenged design is plainly dissimilar.

The original Chen claim chart, ECF No. 13-1 at 6-10, uses one product labeled only "Accused Product" in its supposed three-way comparison, without identifying a seller, ASIN, or even showing whether the pictured article being any of the accused products in this case. ECF No. 13-1 at 6–10 (Chen Decl. Ex. A, Part 1). Part 2 then declares "Yes (a)(b)(c)(d)" for each listing without an explanation tied to its image. ECF No. 13-1 at 11–53. **This blanket assertion covered Nos. 1, 30, and 36, which Plaintiff now concedes do not justify preliminary relief. ECF No. 49 at 2, 8.** The table in Plaintiff's response, ECF No. 49 at 8, is a later verbal summary, not the missing visual comparison, and it sometimes omits products under a listed seller (e.g. Defendant No. 20) or describes different products altogether (e.g. Defendant No. 5). An updated demonstrative, filed as Exhibit 1 to this Reply, highlights differences on the images already filed at ECF No. 32-1, keyed to the dated 2023 comparator at ECF No. 32-2 at 10. It highlights the already filed ECF No. 32-1 and serves as rebuttal to Plaintiff's charge that ECF No. 32-1 lacked annotations. ECF No. 49 at 2, 7-8.

Plaintiff's checkbox logic in ECF No. 13-1 also fails on its own terms. Even assuming the (a)–(d) in ECF No. 13-1 identify distinctive ornamental features, their presence would establish only selected similarities, not infringement if other visually significant aspects of an accused product produce a materially different overall appearance. The claimed design is conveyed by the drawings as a whole, not Chen's four verbal categories. Although LKQ addressed obviousness, the *en banc* Federal Circuit reaffirmed that design-patent infringement compares the visual appearances of the claimed and accused designs as wholes. *LKQ Corp. v. GM Glob. Tech.*

*Operations LLC*, 102 F.4th 1280, 1291, 1297–98 (Fed. Cir. 2024) (en banc). Conversely, omission of one listed detail does not automatically establish noninfringement under a utility-patent "all elements" rule; its significance depends on its effect on the whole design as perceived by an ordinary observer familiar with the prior art. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676–78 (Fed. Cir. 2008) (en banc); *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1371–72 (Fed. Cir. 2006). Plaintiff's checkmarks never make that comparison for each accused ASIN.

Plaintiff's theory also changed and **self-contradicts**. The original chart calls the draped-sheet silhouette a "background feature" and identifies an asymmetric three-piece face and radiating star-shaped top view as distinctive over prior art. ECF No. 13-1 at 7. Plaintiff's response now says an observer would give facial differences little attention and would focus instead on a tall, narrow silhouette and vertical folds. ECF No. 49 at 2, 7–8. Plaintiff offers no seller-specific top views to substantiate its original star-plan comparison. The Court should evaluate the full claimed drawings, including face, folds, and hem, against each accused image through the earlier-art lens, without treating either a generic ghost shape or Plaintiff's revised verbal description as the claim. *Egyptian Goddess*, 543 F.3d at 676–80.

The differences between the patent and accused products are concrete and distinct for each remaining YZ Defendant. Starting with Defendant No. 5. ECF No. 32-1 at 13 shows ASIN B0GZNM19BD with a witch hat, two eyes but no depicted mouth, a circular mechanical base, and a lower edge unlike the patent's series of pointed tips. Its second ASIN, B0GZNKMRVT, is a suspended swing ghost with outstretched side forms and a long central point. Id. at 14. Yet Plaintiff's table calls both a "tall, slender standing ghost with hat." ECF No. 49 at 8. Mr. Chen says his optional hat is outside the patented design. ECF No. 49-1, Supp. Chen Decl. ¶ 3.

Defendant No. 14's image depicts a set of three differently sized figures with eyes but no mouths, fabric edges resting on the surface, and no pointed lower edge. ECF No. 32-1 at 8.

The primary listing images for Defendants Nos. 16 and 18 likewise show two-eye figures with hats and pooled, irregular lower fabric, and no pointed lower edge. ECF No. 32-1 at 2–3. Their additional face-sticker choices require Plaintiff to identify the actual accused configuration; they do not establish that every depicted configuration has the patent's face or hem.

Defendant No. 20 demonstrates the danger of grouping under a storefront. Plaintiff's table addresses only B0GZDVZLPW, whose images depict two relatively short tabletop figures with hats and two eyes, without a depicted mouth, rather than the claimed floor-standing figure and pointed, free-hanging hem. ECF No. 49 at 8; ECF No. 32-1 at 12. Its original accusation also reached B0F61SWBGK (small string lights), B0D2SKW94F (a tabletop ghost within a display dome), and B0F6SPBFS1 (small tabletop plush tabletop figures). ECF No. 32-1 at 9–11. Plaintiff's response, ECF No. 49, does not analyze those three ASINs or say whether it still seeks a TRO against them. Any restraint on those products should be dissolved, or at minimum Plaintiff should identify each product it still seeks to restrain and make a product-specific showing. The same is true for Defendant No. 5's swing ASIN B0GZNKMRVT. These observations concern whole visual impressions, not an element-by-element infringement rule.

At a minimum, the Court should immediately dissolve relief on the plainly different products and should not impose relief on the others without a supported ordinary-observer finding.

**IV. Plaintiff's new harm assertions are unsupported by record and do not establish causation for these products**

Plaintiff's assertion of direct competition rests on historical transactions, not an identified record of sales during the 2026 Halloween season. Mr. Chen states that Plaintiff shipped units in June 2024 and identifies a July 2024 Amazon listing under the Betrihyes brand, ASIN B0D7QPT3N1, operated by a named reseller; he also refers to 2024 order and advertising records. ECF No. 49-1, Supp. Chen Decl. ¶¶ 5–6. **However, the Exhibits 1-5 described in ECF No. 49-1 (the alleged documentation for the alleged earlier sales) are missing from the filing.**

Even if those materials exist and establish historical manufacture and resale, Plaintiff identifies no 2026 sales or inventory of an article embodying the D'458 design, no Temu listing for such an article, and no sale or customer diverted by any particular YZ Defendant. ECF No. 49 at 9. Plaintiff only identifies a reseller and 2024 sales records, then infers that any decorative-light competitor will cause lost 2026 Halloween sales that cannot be recaptured. ECF No. 49 at 9; ECF No. 49-1, Supp. Chen Decl. ¶ 6. It supplies no seller-specific showing that the particular claimed ornamental features, as opposed to the general Halloween ghost theme, price, illumination, size, hat, robotic motion, or other differences, drive purchases of the challenged designs.

The cited showing therefore leaves unresolved whether Plaintiff presently commercializes the patented design and whether these accused products cause the competitive injury it claims. The causal nexus is not supplied by observing that decoration buyers care about appearance in general. *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1324–27 (Fed. Cir. 2012). Plaintiff's admission that three sellers should be freed after it originally restrained them confirms the risk of irreparable seasonal harm from an unsupported restraint. Its assertion that YZ Defendants could not satisfy a judgment is not tied to evidence about any of them.

**V. The balance of hardships independently favors dissolution.**

Plaintiff must establish that its threatened injury outweighs the harm the requested relief would inflict on YZ Defendants. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Plaintiff itself acknowledges that Halloween demand is concentrated in a brief selling window and that sales lost during that window cannot be recaptured. ECF No. 49 at 9. That same seasonal reality magnifies the harm imposed on YZ Defendants: the restraints have sharply reduced sales, stranded inventory acquired for Halloween, and impaired marketplace rankings and customer goodwill, with consequences extending beyond the immediate loss of revenue. Reinstatement after October 31 cannot restore the lost 2026 Halloween selling window. Plaintiff cannot dismiss those injuries as merely the loss of "infringing" sales by assuming the very infringement showing that YZ Defendants' prior-art evidence and product-specific comparisons substantially challenge. Its reliance on *Windsurfing International, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986), concerning products found to infringe, does not relieve it of establishing likely infringement here or demonstrating that the equities favor continued restraint. On this record, the concrete and escalating harm to YZ Defendants substantially outweighs Plaintiff's inadequately substantiated claim of injury attributable to these particular products. The Court should promptly dissolve the TRO as to all YZ Defendants or, at minimum, narrow any remaining restraint to specifically identified products for which Plaintiff satisfies every requirement for interim relief, including the missing product-specific threeway comparison.

**VI. The request embedded in an opposition does not justify an open-ended extension**

Plaintiff requests an extension both in its opposition and in its separately filed preliminary-injunction motion. ECF No. 49 at 12–13; ECF No. 50 at 10–11. Those requests do not dispense with Rule 65(b)(2)'s requirements. Any extension must rest on good cause stated in the record and

comply with the Rule's temporal limits. YZ Defendants oppose an open-ended extension "through the preliminary injunction ruling" and request that any extension specify a definite expiration date.

If the Court considers an extension, it should give YZ Defendants a prompt opportunity to be heard and make specific, recorded findings supporting a fixed duration no longer than a like period absent their consent. Fed. R. Civ. P. 65(b)(2), (4). An extension until an unspecified future ruling does not supply that endpoint.

Plaintiff represents that the current order expires October 3, 2026, and says it filed a separate preliminary-injunction motion only concurrently with its September 29 response. ECF No. 49 at 12 (citing ECF No. 50). The newly filed PI application and any accompanying evidence require their own meaningful response opportunity; ECF No. 32 could not address material that did not yet exist or not accessible at the time of filing. Fed. R. Civ. P. 65(a)(1). Plaintiff's need to litigate the contested issues it raised is not, without more, cause to keep dissimilar sellers restrained. The Court should decide the conceded dissolution immediately and hear the disputed issues before the represented expiration date. If a limited extension is considered for a specifically identified ASIN, YZ Defendants request a definite expiration, a prompt hearing and response schedule, and review of security. **YZ Defendants do not consent to an extension.**

**Conclusion**

Where YZ Defendants raise a substantial infringement question that Plaintiff cannot show lacks substantial merit, preliminary injunctive relief is unwarranted. Discovery and further proceedings may resolve the remaining questions concerning the historical disclosures and the accused designs, but the prospect of developing a stronger record later cannot substitute for Plaintiff's required showing now. Because the present record does not establish Plaintiff's likelihood of success, the Court should dissolve the TRO without prejudging the ultimate merits.

YZ Defendants respectfully request that the Court (1) grant ECF No. 32 immediately as to Nos. 1, 30, and 36, with prompt notices releasing the listing and asset restraints attributable to this case; (2) dissolve the TRO as to Nos. 5, 14, 16, 18, and 20 on the current record, or at least as to No. 5's swing ASIN B0GZNKMRVT and No. 20's unanalyzed ASINs B0F61SWBGK, B0D2SKW94F, and B0F6SPBFS1; (3) decline to grant Plaintiff's embedded, indefinite extension request, or set an immediate hearing and, if the Rule 65(b)(2) showing is made, a fixed and

narrowly tailored term; (4) allow a meaningful response to ECF No. 50 before ruling on any preliminary injunction; and (5) retain security pending further order.

YZ Defendants withdraw their now-moot unsealing and pseudonym requests. They reserve jurisdiction and service defenses for separate motions.

Dated: September 30, 2026

Respectfully submitted,

/s/ Ziqi Yu

Ziqi Yu
Fla. Bar ID #1044119
procollider@pm.me
5794 Bird Rd Unit 554
Miami, FL 33155
415-519-5274

Zhaoxin Zhang, Esq.
T&C Lawfirm
34F Kangtai Innovation Tower
Nanshan District, Shenzhen
Guangdong Province, China
Tel: +86-15652520869
Email: zhangzhaoxin@tclawfirm.com

Counsel for YanDe Store (No. 1),
Joyehome Direct (No. 5),
ORIENTAL CHERRY HOME (No. 14),
VersaCharm (No. 16), Wantline (No. 18),
FestalMart Direct (No. 20),
SnowFlood (No. 30), and
Giftoday (No. 36) ("YZ Defendants")

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2026, I filed this document through CM/ECF, which will serve all registered counsel who receive electronic notice.

/s/ Ziqi Yu