**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-26215-BLOOM/Elfenbein**

ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**ORDER ON MOTIONS TO DISSOLVE TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** is before the Court upon 20 Defendants'[1] Expedited Motion to Dissolve Temporary Restraining Order, ECF No. [30] ("First Motion"). Plaintiff filed a Response in Opposition, ECF No. [48]. Also before the Court is eight Defendants'[2] Expedited Motion to Dissolve Temporary Restraining Order, ECF No. [32] ("Second Motion"). Plaintiff filed a Response in Opposition, ECF No. [49], to which the Second Motion Defendants filed a Reply, ECF No. [53]. The Court has considered the Motions, the supporting and opposing submissions, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, the

[1] The Defendants bringing the First Motion are Defendant Nos. 3, 4, 7, 8, 9, 11, 12, 15, 19, 25, 31, 32, 35, 37, 38, 39, 44, 46, 47, and 48. ECF No. [30] at 1. Defendant Nos. 4, 7, 9, 11, 12, 15, 19, and 32 were already voluntarily dismissed. ECF Nos. [34], [46], and [54]. Thus, the Court construes the Motion as being brought by Defendant Nos. 3, 8, 25, 31, 35, 37, 38, 39, 44, 46, 47, and 48 (the "First Motion Defendants"). However, Plaintiff does not oppose the dissolution of the Temporary Restraining Order as to Defendant Nos. 31, 35, 39, 47, and 48. ECF No. [48] at 3–4. Thus, the Court only analyzes the appropriateness of the temporary restraining order with respect to Defendant Nos. 3, 8, 25, 37, 38, 44, and 46.

[2] The Defendants bringing the Second Motion are Defendant Nos. 1, 5, 14, 16, 18, 20, 30, and 36 (the "Second Motion Defendants"). ECF No. [32] at 1. Plaintiff does not oppose the dissolution of the Temporary Restraining Order as to Defendant Nos. 1, 30, and 36. ECF No. [49] at 2. Thus, the Court only analyzes the appropriateness of the temporary restraining order with respect to Defendant Nos. 5, 14, 16, 18, and 20.

Motions are granted.

## I. FACTUAL BACKGROUND

On May 12, 2026, the USPTO issued U.S. Design Patent No. D1,126,458 (the "D'458 Patent"), titled "Ghost Light," claiming the ornamental design for a decorative ghost light. ECF No. [13] at 2. Plaintiff owns the entire right, title, and interest in the D'458 Patent; its President, Jianan Chen ("Chen"), is the named inventor. *Id.*; *see also* ECF No. [13-1] ¶¶ 3, 4. The design is defined by a distinctive combination of ornamental features: a domed, draped body tapering to a flared skirt; a scalloped hem that rises and falls in rounded points; an asymmetric three-aperture "face"; and, from above, a radiating, multi-pointed star-shaped plan. ECF No. [13] at 2–3; ECF No. [13-1] ¶ 4.

Plaintiff brought the instant lawsuit on September 9, 2026. ECF No. [1]. On September 16, 2026, Plaintiff moved for a temporary restraining order. ECF No. [13]. On September 18, 2026, the Court issued its Omnibus Order Regarding Temporary Restraining Order, Alternate Service, and Expedited Discovery, ECF No. [20] ("Temporary Restraining Order"). The Court found that Plaintiff had shown a likelihood of success on its claims that each Defendant infringed on the D'458 Patent "under the ordinary-observer test, conducted through the lens of the prior art and on a listing-by-listing basis." *Id.* at 4. The Court further found that Plaintiff had shown irreparable injury in the form of "lost sales in a compressed seasonal window, price erosion, loss of the exclusivity the patent secures, loss of control over reputation and goodwill, and the loss of any ability to collect a judgment." *Id*. Finally, the Court found that the balance of equities favored Plaintiff and that the requested relief was not adverse to the public interest. *Id.*

The First Motion Defendants and Second Motion Defendants subsequently filed their respective Motions, each requesting a ruling by September 30, 2026 on the basis that sales for their seasonal Halloween decorations are especially high during the month of October. ECF No. [30] at

1–2; ECF No. [32] at 1–2.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65(b)(4), upon two days' notice, the party adverse to a temporary restraining order "may appear and move to dissolve or modify the order." "On a motion to dissolve a temporary restraining order, the party that obtained the order bears the burden of justifying continued injunctive relief." *Lapa v. JP Morgan Chase Bank, N.A.*, 2022 WL 3290677, at *2 (S.D.N.Y. Aug. 11, 2022) (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 443 (1974)). "A district court need not find proof of changed circumstances in modifying a temporary restraining order . . . but rather applies its discretion in exercising the trial court's inherent power to modify its orders." *KDH Consulting Grp. LLC v. Iterative Cap. Mgmt. L.P.*, 2020 WL 2554382, at *5 (S.D.N.Y. May 20, 2020). For a temporary restraining order or an injunction, a plaintiff must show it has "(1) a substantial likelihood [to] prevail on the merits, (2) a substantial threat [it] will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to [the plaintiff] outweighs the threatened harm the injunction may do to [the defendant], and (4) that granting the preliminary injunction will not disserve the public interest." *Nat'l Distrib. Co. v. James B. Beam Distilling Co.*, 845 F.2d 307, 309 (11th Cir. 1988).

## III. DISCUSSION

Because of the substantial overlap in the arguments, the Court addresses the First Motion and Second Motion together.

In the First Motion, Defendants argue that the claimed design is narrow and their products fall outside of it. ECF No. [30] at 8. That is, because the field is "crowded" with multiple designs that vary slightly, "small differences . . . become significant." *Id*. Based on this, Plaintiff has not made the requisite Defendant-specific showing that "an ordinary observer familiar with this art would mistake" the accused products and claimed design. *Id.* The Second Motion Defendants echo

this argument. ECF No. [32] at 5–6.

Plaintiff responds that the First Motion Defendants "do not identify a single one of their products, much less compare it to the patent and the prior art." ECF No. [48] at 11. Plaintiff states that the distinguishing feature is the "claimed design's tall, slender silhouette and long vertical fall of the drape." *Id*. Plaintiff reiterates this argument in response to the Second Motion Defendants. ECF No. [49] at 8.

The Second Motion Defendants reply that Plaintiff's own charts fail to satisfy the merits burden for a temporary restraining order. ECF No. [53] at 4–5. They point to specific differences between the accused products and the claimed design. *Id*. at 5–6.

In assessing infringement, courts apply the "ordinary observer" test, which asks whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871). In a crowded field, "differences between the claimed and accused designs that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). The relevant inquiry is whether "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess*, 543 F.3d at 681).

The Court finds that the Temporary Restraining Order must be dissolved as to the First Motion Defendants and the Second Motion Defendants, as Plaintiff has failed to satisfy its burden of showing a likelihood of success in proving infringement. The Court addresses each relevant Defendant individually, citing some of the differences between the accused products and the claimed design. Taken together, these differences bely any conclusion that an ordinary observer would believe the products to be the same. The Court begins with the First Motion Defendants:

- Defendant No. 3: This product has a seemingly attached pointed hat, has no oval in the mouth position, and drapes to the floor with no scalloped hem. ECF No. [13-1] at 13.
- Defendant No. 8: This product has a seemingly attached pointed hat, has no oval in the mouth position, and drapes to the floor with no scalloped hem. *Id.* at 18.
- Defendant No. 25: This product is not slender, has no oval in the mouth position, and drapes to the floor with no scalloped hem. *Id.* at 42.
- Defendant No. 37: This product has a seemingly attached pointed hat, has no oval in the mouth position, and drapes to the floor with no scalloped hem. *Id.* at 54.
- Defendant No. 38: This product has no oval in the mouth position and drapes to the floor with no scalloped hem. *Id.* at 55.
- Defendant No. 44: This product has a seemingly attached pointed hat, has no oval in the mouth position, and drapes to the floor with no scalloped hem. *Id.* at 61. It also appears to have an attached broom.
- Defendant No. 46: This product has a seemingly attached pointed hat, has no oval in the mouth position, and drapes to the floor with no scalloped hem. *Id.* at 63.

The Court continues with the Second Motion Defendants:

- Defendant No. 5: This product has a seemingly attached pointed hat, has no oval in the mouth position, and has no scalloped hem. *Id.* at 15.
- Defendant No. 14: This product has no oval in the mouth position and drapes to the floor with no scalloped hem. *Id.* at 27.
- Defendant No. 16: This product has no oval in the mouth position and drapes to the floor with no scalloped hem. *Id.* at 29.
- Defendant No. 18: This product has a seemingly attached pointed hat, has no oval in the mouth position, and drapes to the floor with no scalloped hem. *Id.* at 31.
- Defendant No. 20: This product has a seemingly attached pointed hat, has no oval in the mouth position, and has no scalloped hem. *Id.* at 33. It also is small enough to rest on a surface rather than being placed on the floor.

These identified differences, though not exhaustive of the differences identified by the Court, are sufficient to undermine any finding of infringement. Plaintiff represents that the D'458 Patent "is defined by a distinctive combination of ornamental features: (a) a smoothly domed, draped 'sheeted-ghost' body that tapers from a rounded crown to a flared skirt;' (b) a lower hem that is scalloped, rising and falling in a series of rounded points rather than ending in a plain, straight edge; (c) a 'face' formed by three pieces on the crown, two larger, vertically offset upper pieces and a single smaller lower piece, arranged asymmetrically; and (d) when viewed from above, a radiating, multi-pointed start-shaped plan formed by the draped folds." *Id.* ¶ 4. The accused

products do not bear all (or even most) of these features, and infringement is contingent on the product bearing the unique features that make the claimed design novel. *See Avia Group Int'l Inc. v. L.A. Gear California*, 853 F.2d 1557, 1565 (Fed. Cir. 1988) ("In addition to overall similarity of designs, the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art. Absent the presence of the novel features in the accused products, a patented design has not been appropriated." (citations and quotation omitted)).

Thus, the Court finds that the First Motion and Second Motion should be granted and the Temporary Restraining Order dissolved as to the First Motion Defendants and the Second Motion Defendants.[3]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The First Motion, **ECF No. [30]**, is **GRANTED**.
2. The Second Motion, **ECF No. [32]**, is **GRANTED**.
3. The Temporary Restraining Order, **ECF No. [20]**, is **DISSOLVED** as to the following Defendants: Defendant Nos. 1, 3, 5, 8, 14, 16, 18, 20, 25, 30, 31, 35, 36, 37, 38, 39, 44, 46, 47, and 48 ("Released Defendants").
4. Within 24 hours of this Order, Plaintiff shall provide a copy of this Order to Amazon.com, Inc., Whaleco Inc. d/b/a Temu, and any other third party that received notice of the Temporary Restraining Order, and those third parties shall release all listings, accounts, and funds of the Released Defendants restrained under it.

---

[3] Because the Court finds that the Motions should be granted on the basis of a likelihood of showing infringement, the Court does not reach the remaining arguments in the Motions, including those addressing the validity of the patent and the risk of irreparable harm.

**DONE AND ORDERED** in Chambers at Miami, Florida, on **September 30, 2026**.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record