**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-26215-BB**

ZHONGSHAN JIALIZHI TECHNOLOGY
CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.
_________________________________________/

**DEFENDANT TIMIPET'S EXPEDITED MOTION *NUNC PRO TUNC* TO JOIN THE MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER [ECF NO. 30] AND TO MODIFY THE ORDER DISSOLVING THE TEMPORARY RESTRAINING ORDER [ECF NO. 56] TO INCLUDE DEFENDANT NO. 43**

Defendant TimiPet, identified on Schedule "A" as Defendant No. 43 ("TimiPet"), through undersigned counsel, moves under Federal Rules of Civil Procedure 65(b)(4) and 54(b) and Local Rule 7.1(d)(2) *nunc pro tunc* to join the Expedited Motion to Dissolve Temporary Restraining Order filed on September 24, 2026 [ECF No. 30] (the "Motion to Dissolve"), and to modify the Order of September 30, 2026 [ECF No. 56] so that the Temporary Restraining Order [ECF No. 20] (the "TRO") is dissolved as to TimiPet as well. TimiPet appears for the limited purpose of this motion and preserves its defenses under Rule 12(b)(2) and 12(b)(5) and its objection to joinder under 35 U.S.C. § 299.

**Expedited ruling requested by October 9, 2026.** The TRO has been extended through October 16, 2026 [ECF No. 55], and it restrains TimiPet's Temu storefront and funds during the weeks before Halloween, when a seasonal decoration makes most of its annual sales. The Court has already decided the question this motion presents. A ruling by October 9, 2026 would also resolve TimiPet's position before the preliminary injunction hearing set for October 13, 2026 [ECF Nos. 55, 59].

## BACKGROUND

1. Plaintiff asserts U.S. Design Patent No. D1,126,458 (the "D'458 Patent") against 49 defendants listed on Schedule "A" [ECF No. 17]. TimiPet is Defendant No. 43, a Temu storefront. The Court entered the TRO on September 18, 2026 [ECF No. 20].

2. On September 24, 2026, twenty defendants represented by undersigned counsel filed the Motion to Dissolve [ECF No. 30]. Eight other defendants filed a like motion [ECF No. 32]. Plaintiff opposed both [ECF Nos. 48, 49].

3. TimiPet retained undersigned counsel after the Motion to Dissolve was filed. Counsel appeared for TimiPet on September 29, 2026 [ECF No. 47].

4. The following day, September 30, 2026, the Court granted both motions and dissolved the TRO as to Defendant Nos. 1, 3, 5, 8, 14, 16, 18, 20, 25, 30, 31, 35, 36, 37, 38, 39, 44, 46, 47, and 48 [ECF No. 56 at 6]. Plaintiff did not oppose dissolution as to Nos. 1, 30, 31, 35, 36, 39, 47, and 48. Id. at 1 nn.1-2. As to the twelve defendants Plaintiff did contest, among them Temu Defendant Nos. 37, 38, 44, and 46, the Court found that "Plaintiff has failed to satisfy its burden of showing a likelihood of success in proving infringement." Id. at 4.

5. The same day the Court extended the TRO through October 16, 2026, or until it rules on Plaintiff's Motion for Preliminary Injunction [ECF No. 50], whichever is earlier, and set that motion for hearing on October 13, 2026 [ECF Nos. 55, 59]. Because the time between TimiPet's appearance and the Court's order was short, it had not yet joined the other defendants in ECF No. 30 and therefore is not named in ECF No. 56. Consequently, it remains restrained.

## ARGUMENT

6. A party restrained without notice may move to dissolve or modify the order, and the Court must hear and decide the motion "as promptly as justice requires." Fed. R. Civ. P. 65(b)(4). An order that adjudicates the rights and liabilities of fewer than all the parties "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Like all the defendants at the beginning of this case, TimiPet was restrained without notice. And procedurally it has not previously been heard on this issue. It asks the Court to apply to it the ruling the Court has already made.

7. TimiPet adopts and incorporates the Motion to Dissolve [ECF No. 30] and the Declaration of Nitin Kaushik and exhibits filed with it [ECF Nos. 30-1, 30-2] as if set out here, including the argument that the claimed design is narrow in a crowded field and that Plaintiff has made no defendant-specific showing that an ordinary observer familiar with the prior art would mistake the accused product for the claimed design. ECF No. 30 at 8.

8. The Court dissolved the TRO on that ground. It examined Plaintiff's claim chart for each contested defendant and identified differences between the accused product and the claimed design that "bely any conclusion that an ordinary observer would believe the products to be the same." ECF No. 56 at 4. Plaintiff defines the D'458 Patent by four features: (a) a domed, draped body tapering to a flared skirt; (b) a scalloped lower hem; (c) a "face" of three pieces, two larger upper pieces and a single smaller lower piece; and (d) a multi-pointed, star-shaped plan when viewed from above. Id. at 5 (quoting ECF No. 13-1 ¶ 4). The Court held that "infringement is contingent on the product bearing the unique features that make the claimed design novel," and that the accused products "do not bear all (or even most) of these features." Id. at 5-6. For Defendant Nos. 14, 16, and 38, the difference the Court identified was that the product "has no oval in the mouth position and drapes to the floor with no scalloped hem." Id. at 5.

9. Plaintiff's showing as to TimiPet is a single row of the same claim chart with one listing image. ECF No. 13-1 at 60. Those are the differences on which the Court released Defendant Nos. 14, 16, and 38. Nothing in the record distinguishes TimiPet's product from theirs, and Plaintiff has not met its burden as to TimiPet for the reasons stated in ECF No. 56.

10. The balance of hardships is the same as before, and each additional day sharpens it. TimiPet's storefront and funds remain restrained in October while twenty co-defendants have been released. Plaintiff keeps its damages claim in full and its security remains posted [ECF Nos. 21, 66].

11. Granting this motion will not delay the case. It will leave one fewer defendant to be heard on October 13, 2026, on a question the Court has resolved.

## CONCLUSION

TimiPet requests that the Court (1) grant this motion on a *nunc pro tunc* basis as if TimiPet had joined the Motion to Dissolve [ECF No. 30] prior to the Court's entry of the order on it; (2) modify the Order at ECF No. 56 to dissolve the TRO as to Defendant No. 43, TimiPet; (3) direct Plaintiff, within 24 hours, to provide a copy of the Court's order to Whaleco Inc. d/b/a Temu and to any other third party that received notice of the TRO, so that TimiPet's listings, account, and funds are released; and (4) grant such further relief as is just. A proposed order is submitted with this motion.

__/s/ Griffin Klema_________

Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
Klema Law, P.L.
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

Nitin Kaushik, Esq. (admitted pro hac vice)
N.Y. Bar Reg. No. 4625497
nkaushik@kaushiklex.com
Kaushik & Associates, PLLC
1600 Perrineville Road, Suite 2-400
Monroe Township, NJ 08831
Telephone: 908-560-7265

*Counsel for Defendant TimiPet*

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for TimiPet conferred by email with Plaintiff's counsel, Cole Y. Carlson, Esq., on October 6 and 7, 2026, in a good faith effort to resolve the issues raised in this motion. On October 7, 2026, Plaintiff's counsel advised that Plaintiff does not oppose TimiPet joining the Motion to Dissolve but continues to oppose dissolution of the TRO.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.