**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:26-cv-26215-BLOOM/Elfenbein

**ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**

Defendants.

**PLAINTIFF'S NOTICE OF COMPLIANCE WITH ORDER DISSOLVING TEMPORARY RESTRAINING ORDER AS TO DEFENDANT NO. 43 (TIMIPET)**

Plaintiff Zhongshan Jializhi Technology Co., Ltd. ("Plaintiff") gives notice of its compliance with Paragraph 4 of the Court's Order on Motion to Dissolve Temporary Restraining Order [ECF No. 81] (the "Order"), and states as follows:

1. On October 9, 2026, the Court entered the Order, which amended the Order Dissolving Temporary Restraining Order [ECF No. 56] to include Defendant No. 43, TimiPet, and dissolved the Temporary Restraining Order [ECF No. 20] as to that defendant. Order ¶¶ 2-3.

2. Paragraph 4 of the Order directs Plaintiff, within 24 hours, to provide a copy of the Order to Whaleco Inc. d/b/a Temu and to any other third party that received notice of the Temporary Restraining Order, and directs those third parties to release all listings, accounts, and funds of Defendant No. 43 restrained under it. Order ¶ 4.

3. Temu. At 6:50 a.m. Eastern Time on October 11, 2026, Plaintiff's counsel emailed a copy of the Order to Whaleco Inc. d/b/a Temu at legal@temu.com, the address through which Whaleco's legal department has corresponded with Plaintiff's counsel about the Temporary

Restraining Order and Plaintiff's subpoena, and the same address to which Plaintiff transmitted the Order Dissolving Temporary Restraining Order. [ECF No. 57] ¶ 4. The email identified Defendant No. 43 by its Temu Seller ID, 634418217196028, and by both of its accused Product IDs, 606192151694344 and 605921770095247, and advised Whaleco that the restraint should be lifted as to that storefront under the attached Order. A true and correct copy of the email, with earlier quoted correspondence in the thread omitted, is attached as Exhibit A.

4. The email listed both Product IDs because Whaleco advised Plaintiff on September 24, 2026, that Product ID 605921770095247, which Schedule "A" associated with Defendant No. 45, is in fact associated with Defendant No. 43. Identifying both Product IDs ensures that Whaleco releases every listing and account of Defendant No. 43 that it restrained.

5. Plaintiff gave notice of the Temporary Restraining Order to Amazon and Whaleco only. Plaintiff's notices to Amazon covered the Amazon defendants, Defendant Nos. 1 through 36, and did not identify Defendant No. 43. No other marketplace, payment processor, or financial institution received notice of the Temporary Restraining Order from Plaintiff, and no other third party falls within Paragraph 4.

6. Plaintiff acknowledges that its transmission to Whaleco was made after the 24-hour period provided in Paragraph 4. Upon identifying the omission, Plaintiff's counsel transmitted the Order to Whaleco the same morning. Plaintiff apologizes to the Court for the delay. Plaintiff has now provided the Order to every third party within Paragraph 4.

Dated: October 11, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date set forth above, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Cole Carlson
Cole Carlson