**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NO. 1:26-cv-26215-BLOOM/Elfenbein

| | |
|---|---|
| **ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"** | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S UNOPPOSED MOTION TO DISMISS WITH PREJUDICE AS TO DEFENDANT NO. 29, RETAIN JURISDICTION TO ENFORCE SETTLEMENT, AND AUTHORIZE RELEASE OF RESTRAINED FUNDS**

Plaintiff Zhongshan Jializhi Technology Co., Ltd. ("Plaintiff") moves under Federal Rule of Civil Procedure 41(a)(2) for an order (i) dismissing with prejudice all claims against Defendant No. 29, Shenzhen Yumo E-commerce Co., Ltd. d/b/a Fleyudemo (the "Settling Defendant"); (ii) retaining jurisdiction to enforce the parties' settlement agreement; and (iii) confirming that the Temporary Restraining Order is no longer in effect as to the Settling Defendant and authorizing the release of its restrained funds and the reinstatement of its listing. In support, Plaintiff states:

## I. DISMISSAL AND RETENTION OF JURISDICTION

1. Plaintiff and the Settling Defendant have entered into a written settlement agreement resolving all claims between them in this action (the "Settlement Agreement"). The Settlement Agreement is confidential. Plaintiff will submit it for in camera review if the Court wishes.

2. The Settlement Agreement imposes obligations on the Settling Defendant that continue after dismissal. In it, the Settling Defendant consented to this Motion and to the entry of an order dismissing the claims against it with prejudice and retaining jurisdiction to enforce the Settlement Agreement.

3. Rule 41(a)(2) permits dismissal "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court may retain jurisdiction to enforce a settlement agreement by saying so in its order of dismissal. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). The order retaining jurisdiction must be entered before the dismissal takes effect. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279-80 (11th Cir. 2012). Plaintiff therefore proceeds by motion rather than by notice, so that dismissal and retention of jurisdiction occur in the same order.

4. The dismissal applies solely to the Settling Defendant. This action remains pending against all other Defendants identified on Schedule "A." Each party shall bear its own attorneys' fees, costs, and expenses.

## II. RELEASE OF RESTRAINED FUNDS AND REINSTATEMENT

5. On September 18, 2026, the Court entered a Temporary Restraining Order [ECF No. 20] (the "Restraining Order"). Among other things, it directed Amazon to disable the accused listings identified on Schedule "A" and restrained funds in the corresponding Amazon accounts, including those of the Settling Defendant.

6. The Court extended the Restraining Order "until October 16, 2026 or until the Court rules on the Motion [for Preliminary Injunction], whichever is earlier." [ECF No. 55] ¶ 1. The Court ruled on that motion on October 13, 2026. [ECF Nos. 87, 88]. The Settling Defendant was

not among the defendants against which a preliminary injunction was sought. [ECF No. 50]. By its terms, the Restraining Order is no longer in effect as to the Settling Defendant.

7. Amazon may nonetheless continue to hold the Settling Defendant's funds and keep its listing disabled until it receives an order addressing them. Under the Settlement Agreement, Plaintiff has agreed to take reasonable steps to cause the release of those funds and the reinstatement of that listing.

8. The Settling Defendant operates the Amazon storefront Fleyudemo under Seller ID A23BRBKAP5ZEFQ. Its accused listing is ASIN B0FHGMVMRC.

WHEREFORE, Plaintiff respectfully requests that the Court enter the proposed order submitted herewith: (i) dismissing with prejudice all claims against the Settling Defendant, each party to bear its own attorneys' fees and costs; (ii) retaining jurisdiction to enforce the Settlement Agreement; (iii) confirming that the Restraining Order and any asset restraint entered in this action are no longer in effect as to the Settling Defendant; and (iv) authorizing and directing Amazon.com, Inc., Amazon.com Services LLC, and any financial institution or payment processor that received notice of the Restraining Order to release to the Settling Defendant any funds and accounts restrained on account of this action and to reinstate its storefront and listing disabled under the Restraining Order.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel certifies that he conferred with counsel for the Settling Defendant regarding the relief sought in this Motion. The Settling Defendant consents to the Motion and to the entry of the requested order.

Dated: October 15, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date set forth above, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that I served a copy of the foregoing on the Settling Defendant by e-mail to its counsel, Leo Dong (leo.dong@ip-defense.com) and Robert Law (robertlaw@trolaw.net).

/s/ Cole Carlson
Cole Carlson