**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:26-cv-26215-BB**

ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b) AND, IN THE ALTERNATIVE, TO DROP MISJOINED DEFENDANTS UNDER 35 U.S.C. § 299 AND RULE 21, AND INCORPORATED MEMORANDUM OF LAW**

Defendants identified on Schedule "A" as Nos. 31, 35, 37, 38, 39, 43, 44, 46, 47, and 48 (the "Moving Defendants"), through undersigned counsel, move under Federal Rules of Civil Procedure 12(b)(6), 12(b)(2), 12(b)(5), and 21, and 35 U.S.C. § 299, to dismiss the Complaint [ECF No. 1] with prejudice or, in the alternative, to drop them from this action. This is the Moving Defendants' first motion under Rule 12. Those of them that moved to dissolve the temporary restraining order reserved their jurisdictional objections for this motion [ECF No. 30 at 1; ECF No. 68 at 1]. The Moving Defendants preserve all defenses not raised here, including the invalidity of U.S. Design Patent No. D1,126,458 (the "D'458 Patent").

## INTRODUCTION

The Complaint pleads infringement of one design patent against 49 storefronts in a single sentence that it applies to all of them: each sells a product with "the same domed and draped body,

the same scalloped rising-and-falling hem, the same three-aperture asymmetric 'face'" as the claimed design. [ECF No. 1 ¶ 19]. It then incorporates by reference the claim charts that show what each defendant sells. [*id.* ¶ 20; ECF No. 13-1 at 6-66]. The charts do not bear the allegation out. The Court has compared them to the patent and found that the products of Defendant Nos. 37, 38, 43, 44, and 46 have "no oval in the mouth position" and "no scalloped hem," and that those differences "bely any conclusion that an ordinary observer would believe the products to be the same." [ECF No. 56 at 4-5; ECF No. 81 at 1]. Plaintiff itself has told the Court that the listings of Defendant Nos. 31, 35, 39, 47, and 48 offer "string lights, garlands, swing ghosts, and similar products," and that it "would rather ask the Court for relief it can defend product by product than for relief it cannot." [ECF No. 50 at 2].

A complaint whose own exhibits show that the accused design is plainly dissimilar from the claimed design does not state a claim for patent infringement. The Complaint should be dismissed with prejudice as to the Moving Defendants . In the alternative, the Moving Defendants should be dropped under 35 U.S.C. § 299 and Rule 21, because Plaintiff joined them with dozens of unrelated sellers of different products on the sole ground that each is said to infringe the same patent. The Moving Defendants also assert their defenses of lack of personal jurisdiction and insufficient service of process.

## BACKGROUND

### A. The Complaint and the claim charts it incorporates.

Plaintiff filed this action on September 9, 2026 against 49 Amazon and Temu storefronts listed on Schedule "A." [ECF Nos. 1, 17]. The Moving Defendants are the storefronts JooyDeepot (No. 31), H-Yannis (No. 35), HGXgo (No. 37), Kerxin (No. 38), MJuAn US (No. 39), TimiPet (No. 43), YHYstore (No. 44), Marhoom (No. 46), Rewjury (No. 47), and Golucci (No. 48). Nos.

31 and 35 are Amazon storefronts and Nos. 37 through 48 are Temu storefronts. [ECF No. 13-1 at 48, 52, 54].

The single count alleges infringement of the D'458 Patent, titled "Ghost Light." [ECF No. 1 ¶¶ 11, 24-30; ECF No. 1-2]. Plaintiff pleads that the "overall visual impression" of the claimed design "is defined by a specific and distinctive combination of ornamental features": "a smoothly domed, draped 'sheeted-ghost' body that tapers from a rounded crown to a flared skirt"; "a scalloped lower hem that rises and falls in a series of rounded points rather than terminating in a straight or plain edge"; "a 'face' formed by three apertures, two larger, vertically offset upper openings and a smaller lower opening, arranged asymmetrically on the crown"; and, "viewed from above, a radiating, multi-pointed star-like plan." [ECF No. 1 ¶ 14].

As to infringement, the Complaint alleges that each defendant sells, through the listing identified for it on Schedule "A," "a ghost-light product that embodies a design substantially the same as the Patented Design," and that "each Accused Product appropriates the same domed and draped body, the same scalloped rising-and-falling hem, the same three-aperture asymmetric 'face,' and the same overall visual impression that define the Patented Design." [*id.* ¶¶ 18-19]. The Complaint does not describe any individual defendant's product. It relies on "[t]he claim charts attached to the Declaration of Jianan Chen," which "compare the figures of the D'458 Patent to each Accused Product on a product-by-product basis and are incorporated here by reference." [*id.* ¶ 20].

The "charts" incorporated into the complaint are those filed at ECF No. 5. Absent from that filing are the charts themselves, with plaintiff having "redacted" them from the filing by entirely omitting them altogether. Consequently, the complaint does not incorporate any charts whatsoever.

**B. The Court's rulings.**

Based on a later-filed renewed *ex parte* motion for temporary restraining order, [ECF 13], the Court entered a temporary restraining order *ex parte* on September 18, 2026. [ECF No. 20]. Certain of the Moving Defendants appeared specially, and moved to dissolve the TRO and simultaneously in opposition to any preliminary injunction. [ECF 30]. In support of that motion, the Moving Defendants filed the declaration of defense counsel, submitting evidence of prior art antedating plaintiff's critical date. The Court granted that motion, and dissolved the TRO as to the twenty defendants that had originally appeared through counsel. [ECF No. 56]. The Court examined plaintiff's chart as to each contested defendant and held that "Plaintiff has failed to satisfy its burden of showing a likelihood of success in proving infringement." [*id.* at 4]. For Defendants Nos. 37, 44, and 46, the Court found that the product "has a seemingly attached pointed hat, has no oval in the mouth position, and drapes to the floor with no scalloped hem"; and as to Defendant No. 38, that it "has no oval in the mouth position and drapes to the floor with no scalloped hem." [*id.* at 5 (citing ECF No. 13-1 at 54, 55, 61, 63)]. Measured against the four features identified by Plaintiff as defining its claimed design, the Court further found that the accused products "do not bear all (or even most) of these features." [*id.* at 5-6]. A later-appearing defendant, TimiPet (no. 43), moved nunc pro tunc to join the earlier defendants, which the Court granted and, on October 9, 2026, the Court reached the same conclusion as to Defendant No. 43, whose product "is significantly distinguishable from the claimed design" [ECF No. 81 at 1 (citing ECF No. 13-1 at 60)].

**C. Plaintiff's statements about the other Moving Defendants.**

In responding to the defendants' motion to dissolve the TRO, Plaintiff did not oppose dissolution of the restraining order as to Defendants Nos. 31, 35, 39, 47, and 48 [ECF No. 56 at 1

nn.1-2]. It explained that the accused listings of Nos. 31, 35, 39, 47, and 48 “offer ghost string lights, swing ghosts, and similar products.” [ECF No. 48 at 3-4]. When plaintiff later filed its motion for preliminary injunction, it reported that it had “reviewed each accused listing again against that design,” and that it was moving “only against the sellers whose accused products are standing or suspended draped-ghost figures of that kind,” and that it sought no injunction against “the remaining defendants, whose accused listings offer string lights, garlands, swing ghosts, and similar products (Schedule ‘A’ Nos. 1, 9, 23, 26 through 36, 39 through 42, and 47 through 49).” [ECF No. 50 at 1-2]. Five of the Moving Defendants were in that group: Nos. 31, 35, 39, 47, and 48.

Plaintiff then described the claimed design as “a tall, slender ghost that falls in long, nearly vertical folds from a domed crown to a hem ending in distinct pointed tips that hang free above the ground” [ECF No. 48 at 2]. Plaintiff stated that it did not concede non-infringement by these five defendants and that “[f]urther discovery is necessary to determine whether the alleged products can meet the ordinary observer test in light of the prior art disclosed” [*id.* at 4 n.1; *see* ECF No. 50 at 2 n.1].

**D. The preliminary injunction hearing.**

At the hearing on plaintiff’s motion for preliminary injunction, [ECF 50], plaintiff then conceded that it did not seek a preliminary injunction against the remaining Moving Defendants, thus withdrawing entirely its request for interim relief against all the Moving Defendants. And as to the three remaining defendants that had not been dismissed after settling, the Court observed that the accused products simply did not seem to have the same or even similar impression as plaintiff’s claimed design, and denied the motion. [ECF 87].

**D. Service and the present posture.**

Plaintiff certified that it served the summons and Complaint by e-mail on September 25, 2026 [ECF No. 37]. No defendant has answered. Twenty-two of the 49 defendants have been dismissed with prejudice [ECF Nos. 25, 34, 46, 54, 63, 67, 80, 82].

## ARGUMENT

### I. THE COMPLAINT DOES NOT STATE A CLAIM AGAINST THE MOVING DEFENDANTS.

**A. The governing standard.**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In a patent case the sufficiency of a complaint under Rule 12(b)(6) is governed by the law of the regional circuit. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Where the factual allegations "are actually inconsistent with and contradict infringement, they are likewise insufficient to state a plausible claim." *Id.* at 1354.

In this Circuit a court deciding a Rule 12(b)(6) motion may consider a document that is central to the plaintiff's claim and whose authenticity is not challenged under the so-called "incorporation by reference doctrine." *E.g.*, *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

But more fundamentally, plaintiff has entirely failed procedurally to properly plead its claim of design patent infringement. It did not incorporate any claim charts by reference into the original complaint, filed on September 9, 2026, having never actually filed those charts as part of its "contemporaneous motion for a temporary restraining order" [ECF 1 at ¶ 20] because it omitted

them in the motion for Temporary Restraining Order, filed on the following day, September 10, 2026. Plaintiff's later submission of those claim charts on September 16, 2026, does not make them a part of its complaint, filed nearly a week earlier. Nevertheless, even if those claim charts are considered, they illustrate that plaintiff has failed to state a claim against the Moving Defendants.

"[W]hen the exhibits [of a complaint] contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). The Court may also take judicial notice of its own records. Fed. R. Evid. 201(b); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

A design patent is infringed "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Gorham Co. v. White*, 81 U.S. 511, 528 (1871). The ordinary observer is one "familiar with the prior art designs." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). The burden of showing substantial similarity is the patentee's. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). "In some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer, as required by *Gorham*." *Id.* "Where the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

That question can be decided on the pleadings when the pleading itself shows both designs. *PS Products Inc. v. Panther Trading Co.*, 122 F.4th 893, 898-99 (Fed. Cir. 2024) (affirming sanctions because plaintiff's "complaint did not state a plausible claim for design patent

infringement" and "[i]n some cases [] the accused product and the patented design are 'plainly dissimilar' such that it will be clear to an ordinary observer the two designs are not 'substantially the same'") (quoting *Egyptian Goddess*); *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 933-34 (Fed. Cir. 2014) (affirming judgment on the pleadings where "plain differences" existed between the accused products and the patented design); *Colida v. Nokia, Inc.*, 347 F. App'x 568, 569-70 (Fed. Cir. 2009) (affirming dismissal where the infringement claims were "facially implausible"); *Performance Designed Prods. LLC v. Mad Catz, Inc.*, No. 16-cv-629-GPC(RBB), 2016 WL 3552063 (S.D. Cal. June 29, 2016) (dismissing with prejudice where the designs were "plainly dissimilar"). The Court can, as a matter of law, ascertain the dissimilarity of plaintiff's claimed design, [ECF 1-1] and the accused products, [ECF 13-1].

**B. The incorporated claim charts contradict the allegation of infringement.**

**1. Defendant Nos. 37, 38, 43, 44, and 46.**

Plaintiff pleads that the scalloped hem and the three-aperture face are among the features that define the claimed design, and that each accused product has "the same scalloped rising-and-falling hem" and "the same three-aperture asymmetric 'face'" [ECF No. 1 ¶¶ 14, 19]. Its chart marks the three-aperture face and the star-shaped top plan as "[d]istinctive over prior art," and states that "[p]rior designs terminate in a plain or straight lower edge" [ECF No. 13-1 at 8-10].

The chart images for these five defendants show products without those features. The Court has so found. Each product "has no oval in the mouth position" and "drapes to the floor with no scalloped hem," and four of the five have "a seemingly attached pointed hat" [ECF No. 56 at 5; ECF No. 81 at 1]. Those are the features Plaintiff pleaded, and the exhibit Plaintiff incorporated shows that they are absent. On Plaintiff's own account, a draped ghost with a plain lower edge is the prior art and not the claimed design [ECF No. 13-1 at 9].

While the Moving Defendants recognize that findings made on a motion to dissolve a restraining order are preliminary, *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), the comparison the Court made there, as well as at the preliminary injunction hearing did not depend on evidence that might be different later in this case. It compared the listing images Plaintiff filed against the features Plaintiff pleaded. The same comparison is available on this motion, from the same pages, and it yields the same result. An allegation that a product has a scalloped hem and a three-aperture face is not accepted as true when the image incorporated into the pleading shows neither. *Griffin Indus.*, 496 F.3d at 1206; *Bot M8*, 4 F.4th at 1354.

**2.Defendant Nos. 31, 35, 39, 47, and 48.**

The claim against these five defendants fails for a more basic reason. By Plaintiff's own description, their products are a different kind of article. The patent claims, as its article of manufacture to which the design is applied, as a "Ghost Light," which Plaintiff describes as "a tall, slender ghost that falls in long, nearly vertical folds from a domed crown to a hem ending in distinct pointed tips that hang free above the ground" [ECF No. 1 ¶ 11; ECF No. 48 at 2]. *See Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334 (Fed. Cir. 2019) (claim scope limited to the article of manufacture identified in the claim; Rule 12(b)(6) dismissal affirmed where the accused product was a different article). After reviewing "each accused listing again," Plaintiff told the Court that these defendants' listings "offer string lights, garlands, swing ghosts, and similar products," and it separated them from "the sellers whose accused products are standing or suspended draped-ghost figures of that kind" [ECF No. 50 at 1-2].

The chart images match that description. The images for Defendant Nos. 31 and 35 show a ghost figure on a hanging swing [ECF No. 13-1 at 48, 52], and what Plaintiff's counsel bought

from No. 31 was a "4.4 FT Swinging Ghost Halloween Decor" [ECF No. 13-2 at 9]. None of these is the tall, slender draped figure that Plaintiff says the patent claims.

Plaintiff has reserved its claims against these defendants on the ground that "[f]urther discovery is necessary." [ECF No. 48 at 4 n.1]. But no discovery will change the accused products nor will it alter the scope of the patented design. Stated differently, discovery will not supply what plaintiff contends is missing and which might allow its claims to remain pending. The ordinary observer test compares two things, the claimed design and the accused design, and both are already before the Court: the patent figures at ECF No. 1-2 and the listing images at ECF No. 13-1. Nothing a defendant could produce in discovery will change what either one looks like. The prior art, for its part, can only narrow the claim. *Egyptian Goddess*, 543 F.3d at 678 (where there are many similar prior art designs, differences "that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer who is conversant with the prior art"). A plaintiff that, on a second review of each listing, could describe these products only as string lights, garlands, and swing ghosts has not pleaded a plausible claim that an ordinary observer would take them for the claimed ghost light. *Twombly*, 550 U.S. at 570.

### 3. What remains is conclusory.

Apart from the charts showing the accused products, the Complaint alleges only that each product "embodies a design substantially the same as the Patented Design" and that the resemblance would "deceive an ordinary observer." [ECF No. 1 ¶¶ 18-19, 26]. That is simply the legal holding in *Gorham* restated as an allegation. It is merely conclusory, and even then that generic articulation of law is pleaded in identical words against 49 sellers of different products. *Iqbal*, 556 U.S. at 678. That does not carry the claim past the exhibits that contradict it.

### C. The dismissal should be with prejudice.

The accused products are fixed by the listing identifiers on Schedule "A." An amended complaint could describe them in different words but could not change what they look like. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Plaintiff has not sought leave to amend in the weeks since the Court identified these differences, and the Court is not required to grant leave on its own motion. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Based on the evidence already before the Court, any amendment to the complaint would be futile.

## II. IN THE ALTERNATIVE, THE MOVING DEFENDANTS ARE MISJOINED UNDER 35 U.S.C. § 299.

In a patent infringement action, accused infringers may be joined as defendants "only if" the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process," and "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a). Thus, the Patent Act itself sets a separate statutory bar to multiparty joinder even apart from normal joinder rules. Accused infringers "may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b). Even under Rule 20, before § 299 was enacted, "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder," and "[j]oinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent." *In re EMC Corp.*, 677 F.3d 1351, 1357, 1359 (Fed. Cir. 2012).

In light of the Congressional restriction on joinder, courts have adhered to the statutory mandate, and dismissed unrelated sellers from Schedule "A" design patent proceedings. *Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 CV 4587, Dkt. 88 (N.D. Ill. Jan. 4, 2024) (dismissing appearing defendants for misjoinder under § 299); *Wang v. P'ships & Unincorporated Ass'ns Identified in Schedule A*, No. 24-cv-759, Doc. 10 (N.D. Ill. Apr. 24, 2024) (ordering plaintiff to amend because the products of 116 storefronts were not "the same accused product"). This Court has raised the same concern under Rule 20 in a Schedule "A" case. *CreeLED, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 23-cv-60780-BLOOM/Valle, ECF No. 148 (S.D. Fla. Oct. 6, 2023) (ordering plaintiff to show cause why parties should not be dropped under Rule 21).

Here, plaintiff joins 49 storefronts and 64 listings on two marketplaces. [ECF No. 13-1 at 11-66]. It does not allege that any two defendants share an owner, a manufacturer, or a supplier. Its only link among them is the assertion, on information and belief, that defendants "are part of, or operate in the **manner of**, a network of overseas sellers," [ECF No. 1 ¶ 21] (emphasis supplied), which is an explicit concession that they are not, in fact, a network at all. Their mere retailing of similar (yet distinctly different) products does not make them a cartel as plaintiff would have the Court believe. Plaintiff's later filings rule out any contention that the defendants sell "the same accused product." Plaintiff has sorted the accused products into "standing or suspended draped-ghost figures" on one side and "string lights, garlands, swing ghosts, and similar products" on the other [ECF No. 50 at 1-2]. The Court's findings differ from one defendant to the next: some products have a pointed hat, one has a broom, one "is not slender," and one "is small enough to rest on a surface" [ECF No. 56 at 5]. Plaintiff accepts that infringement must be shown "for each accused product" [ECF No. 50 at 4]. That is the situation § 299(b) addresses.

The remedy for misjoinder is to drop the misjoined parties. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). The effect of dropping a defendant would be its dismissal. If the Court does not dismiss the Complaint as to the Moving Defendants with prejudice under Rule 12(b)(6), it should drop each of them from this action without prejudice to any claim Plaintiff may bring against that defendant in a separate action.

## III. THE COURT LACKS PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS, AND SERVICE OF PROCESS WAS INSUFFICIENT.

### A. Personal jurisdiction.

Federal Circuit law governs personal jurisdiction in a patent case, and where the question is decided on the papers the plaintiff must make a prima facie showing as to each defendant. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016-17 (Fed. Cir. 2009). The Court's Omnibus Order required that of plaintiff. [ECF No. 11 ¶ 1(b)]. The Complaint alleges jurisdiction in one sentence for all 49 defendants: each operates an interactive storefront through which Florida consumers "can and do purchase" the accused products, and each has "sold, and shipped the accused products into Florida." [ECF No. 1 ¶ 6]. Plaintiff's evidence is narrower. Its counsel confirmed that each listing "can be purchased by" a consumer in Florida, and on August 27, 2026, thirteen days before filing suit, he placed "test purchases of representative accused listings" for delivery to his own office in Tampa. [ECF No. 13-2 ¶¶ 4, 6-7 & Ex. 1].

For Defendant Nos. 35, 43, 44, and 46, the record shows no sale into Florida at all; the order records attached to counsel's declaration list no purchase from any of them. [*id.* at 6-28]. A listing on a nationwide marketplace that can be reached from Florida is not a contact with Florida. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017) ("While a Kansas resident could purchase ZebraZapps from Allen's website, what is missing is any evidence that such a sale has taken place.").

For Defendant Nos. 31, 37, 39, 47, and 48, the only Florida sale in the record is the one Plaintiff's counsel ordered to himself, and the order placed with Defendant No. 38 was recalled before delivery. [ECF No. 13-2 ¶ 7 & n.1]. A contact that the *plaintiff* creates does not establish jurisdiction over the defendant: "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Plaintiff's reliance on *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013), is misplaced. [ECF No. 50 at 5]. *Louis Vuitton* involved a defendant who shipped the accused goods to customers in Florida in the ordinary course of his business. 736 F.3d at 1353-54. No Moving Defendant has done so. The only Florida shipment in the record is the one Plaintiff's counsel arranged.

Plaintiff's alternative reliance on Rule 4(k)(2) does not fill the gap. That rule still requires that the exercise of jurisdiction "comport with due process," *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1412 (Fed. Cir. 2009), and the Complaint pleads no contact between any Moving Defendant and the United States other than the listing itself and a singular test sale. The Court does not have personal jurisdiction over the Moving Defendants, and the action must be dismissed as to them.

**B. Service of process.**

The Court authorized service by e-mail on the finding that "Plaintiff has been unable to identify a valid address for service of process upon Defendants," so that the Hague Service Convention did not apply under its Article 1. [ECF No. 20 at 7]. The Court added that nothing in its Order "relieves Plaintiff of the obligation to serve, through the Hague Service Convention's Central Authority, any Defendant whose verified physical address in a Convention signatory state is later ascertained." [*id.* at 11-12]. The same Order authorized discovery from the marketplaces

of each seller's "true name, domicile, and physical, email, and other contact information" [*id.* at 12].

Plaintiff's certificate of service states that the defendants were served by e-mail at "addresses provided by the third-party online marketplace platform, Amazon, in response to the TRO." [ECF No. 37 at 1]. Two things follow. First, the certificate attributes the addresses it used to Amazon alone. Eight of the Moving Defendants, Nos. 37, 38, 39, 43, 44, 46, 47, and 48, sell on Temu. [ECF No. 13-1 at 54-65], and the certificate does not say how they were reached. Second, the same Order authorized Plaintiff to obtain each seller's physical address from the marketplaces [ECF No. 20 at 12], and Plaintiff has not said whether Amazon's response, or any response from Temu, included those addresses. If it did, the premise of the Court's Article 1 finding no longer holds as to those defendants, and "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). It is Plaintiff's burden to show that service was proper, and it has not done so.

Plaintiff's position is that each defendant is domiciled in the People's Republic of China. [ECF No. 13-2 ¶ 10; *see* ECF No. 1 ¶¶ 2, 9]. China has objected to service through the channels described in Article 10 of the Convention, and two courts of appeals have held that the Convention does not permit service by e-mail on a defendant in China where it applies. *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025); *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, No. 25-2205 (7th Cir. May 29, 2026); *see Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). Decisions in this District have authorized e-mail service on defendants in China, some on the reasoning that China's objection to Article 10 does not reach e-mail. The Court's Order here rested on Article 1, and that ground depends on the address being

unknown. On the present record Plaintiff has not shown that the Moving Defendants were served in a manner the Court's Order and Rule 4(f)(3) permit, and service should be quashed as to them.

## IV. RESERVATION OF DEFENSES.

The Moving Defendants do not ask the Court to decide validity on this motion. They reserve all other defenses, including that the D'458 Patent is invalid under 35 U.S.C. §§ 102 and 103, and they reserve their claims against Plaintiff's security under Rules 65(c) and 65.1 and for attorney's fees under 35 U.S.C. § 285.

## CONCLUSION

The Moving Defendants request that the Court (1) dismiss the Complaint as to them with prejudice under Rule 12(b)(6); (2) in the alternative, drop them from this action under 35 U.S.C. § 299 and Rule 21, or dismiss the Complaint as to them for lack of personal jurisdiction and quash service of process; (3) find that any amendment would be futile; and (4) grant such further relief as is just. A proposed order is submitted with this motion.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
Klema Law, P.L.
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

Nitin Kaushik, Esq. (admitted *pro hac vice*)
N.Y. Bar Reg. No. 4625497
nkaushik@kaushiklex.com
Kaushik & Associates, PLLC
1600 Perrineville Road, Suite 2-400
Monroe Township, NJ 08831
Telephone: 908-560-7265

*Counsel for the Moving Defendants*

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that Nitin Kaushik, counsel for the Moving Defendants, conferred by e-mail with Plaintiff's counsel, Cole Carlson, Esq., on October 14, 2026, at 2:03 PM in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel has not responded as of the date of filing of this motion, but defense counsel will continue to endeavor to confer and will provide a supplemental certificate of conferral if any agreement has been reached.

__/s/ Griffin Klema________
Griffin C. Klema, Esq.