**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:26-cv-26215-BB**

ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,
*Plaintiff,*
v.
THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"
*Defendants.*
______________________________________________/

**DEFENDANTS YANDE STORE, SNOWFLOOD, GIFTODAY, AND GOO CAMPING'S MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b) AND, IN THE ALTERNATIVE, TO DROP MISJOINED DEFENDANTS UNDER 35 U.S.C. § 299 AND RULE 21, AND INCORPORATED MEMORANDUM OF LAW**

Defendants identified on Schedule "A" as Nos. 1 (YanDe Store), 30 (SnowFlood), 36 (Giftoday), and 42 (Goo Camping) (the "Moving Defendants"), through undersigned counsel, move under Federal Rules of Civil Procedure 12(b)(6), 12(b)(2), 12(b)(5), and 21, and 35 U.S.C. § 299, to dismiss the Complaint [ECF No. 1] as to them with prejudice or, in the alternative, to drop them from this action. This is the Moving Defendants' first motion under Rule 12. The Moving Defendants preserve all defenses not raised here, including that U.S. Design Patent No. D1,126,458 (the "D'458 Patent") is invalid under 35 U.S.C. §§ 102 and 103.

## INTRODUCTION

The Complaint pleads infringement of one design patent against dozens of storefronts in a single sentence that it applies to all of them: each sells a product with "the same domed and draped body, the same scalloped rising-and-falling hem, the same three-aperture asymmetric 'face'" as the claimed design. The claim charts incorporated by the Complaint do not support

that allegation as to the Moving Defendants. Plaintiff itself has acknowledged that the listings of these defendants offer "string lights, garlands, swing ghosts, and similar products," not the tall, slender draped-ghost figure it says the patent claims.

A complaint whose own exhibits and subsequent statements show that the accused designs are plainly dissimilar from the claimed design does not state a claim for design patent infringement. The Complaint should be dismissed as to the Moving Defendants with prejudice. In the alternative, the Moving Defendants should be dropped under 35 U.S.C. § 299 and Rule 21. The Moving Defendants also assert their defenses of insufficient service of process and lack of personal jurisdiction. The D'458 Patent is invalid in light of prior art, including UK Design No. GB6097160S (2020) and Chinese Design Patent No. CN308683308S (2023), both of which disclose substantially the same sheeted-ghost appearance years before the August 23, 2024 filing date of the D'458 Patent.

## BACKGROUND

### A. The Complaint and the claim charts it incorporates.

Plaintiff filed this action on September 9, 2026 against numerous Amazon and Temu storefronts listed on Schedule "A." The Moving Defendants are YanDe Store (No. 1), SnowFlood (No. 30), Giftoday (No. 36), and Goo Camping (No. 42).

The single count alleges infringement of the D'458 Patent, titled "Ghost Light." Plaintiff pleads that the overall visual impression of the claimed design is defined by a smoothly domed, draped "sheeted-ghost" body that tapers from a rounded crown to a flared skirt; a scalloped lower hem; a "face" formed by three apertures; and a radiating, multi-pointed star-like plan when viewed from above. The Complaint incorporates claim charts that, according to Plaintiff, apply

to each accused product. Those charts and the listing images they contain are the only product-specific allegations.

**B. Plaintiff's statements and the Court's prior rulings.**

Plaintiff has told the Court that the listings of Defendant Nos. 1, 30, 36, and 42 (among others) "offer string lights, garlands, swing ghosts, and similar products," and that it sought no preliminary injunction against them because it "would rather ask the Court for relief it can defend product by product than for relief it cannot." [ECF No. 50 at 1-2]. Plaintiff describes the claimed design as "a tall, slender ghost that falls in long, nearly vertical folds from a domed crown to a hem ending in distinct pointed tips that hang free above the ground." [ECF No. 48 at 2]. The Court has already found, on the same charts, that certain other accused products lack key features of the claimed design and are not substantially the same to an ordinary observer. [ECF No. 56 at 4-5; ECF No. 81 at 1].

**C. Service.**

The Court authorized alternative service by email on the premise that Plaintiff had been unable to identify a valid physical address for the defendants, so that the Hague Service Convention did not apply under Article 1. Plaintiff's certificate of service states that defendants were served by email at addresses provided by Amazon. The Amazon and Temu storefront pages for the Moving Defendants, however, display correct and verifiable physical addresses that are available for service of process under the Hague Convention.

## ARGUMENT

### I. THE COMPLAINT DOES NOT STATE A CLAIM AGAINST THE MOVING DEFENDANTS.

A complaint must plead enough facts to state a claim that is plausible on its face. Where the factual allegations or incorporated exhibits contradict infringement, they are insufficient. A court may consider documents central to the claim whose authenticity is not challenged, including the claim charts the Complaint incorporates. When exhibits contradict the general allegations, the exhibits govern.

A design patent is infringed only if, in the eye of an ordinary observer familiar with the prior art, the two designs are substantially the same. Where the claimed and accused designs are sufficiently distinct and plainly dissimilar, the patentee fails to meet its burden as a matter of law. That determination can be made on the pleadings when the images of both designs are before the Court.

By Plaintiff's own description, the Moving Defendants' products are a different kind of article—string lights, garlands, swing ghosts, and similar products—not the tall, slender draped-ghost figure claimed in the patent. The listing images confirm this. Nothing in discovery will change the appearance of the patent figures or the listing images already of record. The allegation of substantial similarity is conclusory and contradicted by the exhibits.

**II. SERVICE OF PROCESS WAS INSUFFICIENT.**

The Court's order authorizing email service rested on the finding that Plaintiff had been unable to identify a valid physical address, so that Article 1 of the Hague Service Convention rendered the Convention inapplicable. That premise does not hold as to the Moving Defendants. The Amazon and Temu storefront pages for YanDe Store, SnowFlood, Giftoday, and Goo Camping display correct and verifiable physical addresses that can be used for service of the

summons and complaint. Because those addresses are known and available, the Hague Convention applies, and compliance is mandatory.

China has objected to service by the means described in Article 10 of the Convention. Email service on defendants in China is therefore not permitted where the Convention applies. The certificate of service attributes the email addresses used to Amazon alone and does not establish that the Moving Defendants (including the Temu seller) were properly served under the Court's order or Rule 4(f)(3). Service should be quashed as to the Moving Defendants.

**III. THE COURT LACKS PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS.**

Plaintiff must make a *prima facie* showing of personal jurisdiction as to each defendant. The Complaint's group allegation that each defendant sold and shipped accused products into Florida is unsupported as to the Moving Defendants. A listing on a nationwide marketplace that can be reached from Florida is not a contact with Florida. Any "test purchase" directed by Plaintiff's counsel to himself does not establish jurisdiction. Rule 4(k)(2) does not fill the gap because the Complaint pleads no other contacts with the United States.

Patent cases applies Federal Circuit law pertain to personal jurisdiction inquiry. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003)("Our prior decisions make clear that where the personal jurisdictional inquiry is 'intimately involved with the substance of the patent laws,' we apply Federal Circuit law."). The Federal Circuit ruled in *NexLearn*: a website that could ship to the forum, and contacts solicited by the plaintiff's own employees, did not establish purposeful availment. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1379, 1378–79. The Eleventh Circuit has held that the reach of Florida's long-arm statute is a question

of state law, and federal courts must adhere to the statutory constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013); ECF No. 142 at 17.

The Eleventh Circuit decision in *ECB USA, Inc. v. Savencia Cheese USA, LLC*, 148 F.4th 1332 (11th Cir. 2025) determined that a test order manufactured by Plaintiff's counsel is not sufficient to establish personal jurisdiction, where it stated, "[p]ersonal jurisdiction cannot be predicated "on a defendant's `random, fortuitous, or attenuated contacts' or on the `unilateral activity' of a plaintiff." Id., at 1342, quoting *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014).

Rule 4(k)(2) uses the same test with the United States as the forum, and only if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009)

**IV. THE MOVING DEFENDANTS ARE MISJOINED UNDER 35 U.S.C. § 299.**

Accused infringers may be joined only if the right to relief arises out of the same transaction or occurrence relating to the same accused product, and common questions of fact will arise. They may not be joined based solely on allegations that they each infringed the patent in suit. Plaintiff has itself sorted the accused products into different categories and has not alleged that the Moving Defendants share an owner, manufacturer, or supplier.. § 299(a) requires that the right to relief arise out of the same transaction or occurrence relating to the making, using, importing, offering for sale, or selling of **the same accused product**. That requirement fails here. Plaintiff has sorted the listings and acknowledged that the Moving Defendants (Nos. 1, 30, 36, and 42) offer "string lights, garlands, swing ghosts, and similar products," not the tall,

slender draped-ghost figure claimed in the patent, and sought no preliminary injunction against them. [ECF No. 50 at 1-2; ECF No. 48 at 2].

If the Court does not dismiss the Complaint as to the Moving Defendants with prejudice, it should drop them under Rule 21 without prejudice to a separate action.

**V. THE D'458 PATENT IS INVALID.**

On a Rule 12(b)(6) motion the Court may take judicial notice of publicly available patents and design registrations as prior art. See Fed. R. Evid. 201(b); *Hoganas AB v. Dresser Indus., Inc*., 9 F.3d 948, 954 n.27 (Fed. Cir. 1993); see also *Anderson v. Kimberly-Clark Corp*., 570 F. App'x 927, 931 (Fed. Cir. 2014) (considering prior art on a motion to dismiss a design-patent claim).

The D'458 Patent is invalid under 35 U.S.C. §§ 102 and 103. UK Design No. GB6097160S ("`160S Patent"), applied for on August 5, 2020 and published shortly thereafter, discloses a sheeted-ghost figurine with a domed crown, draped body, and overall visual impression substantially identical to the claimed design. See Figure 1 below for comparison between D`458 Patent and `160S Patent. A copy of the patent is attached here as Exhibit A.



**Figure 1: Comparison Between D`458 (left) Patent and `160S Patent (right)**

Chinese Design Patent No. CN308683308S ("CN 308 Patent"), applied for on August 30, 2023 and issued June 14, 2024, discloses a ghost-shaped towel with three apertures forming a face and a draped sheet appearance. A copy of CN 308 Patent is attached here as Exhibit B. Both references predate the August 23, 2024 filing date of the D'458 Patent. The claimed design is anticipated by, or at minimum rendered obvious by, these and other prior art sheeted-ghost designs. The ordinary observer familiar with this crowded field of prior art would not find the Moving Defendants' products substantially the same as the claimed design. See Figure 2 below for comparison.





**Figure 2: Comparison Between D`458 (left) Patent and CN308 Patent (right)**

UK Design No. GB4004787S ("`787 Patent"), applied for on October 20, 2007, discloses a simple sheeted-ghost logo with two circular eye apertures and a wavy, scalloped lower edge, establishing that the basic sheeted-ghost form was well known in the prior art nearly two decades before the D'458 Patent. A copy of `787 Patent is attached as Exhibit C. See Figure 3 below for comparison.



**Figure 3: Comparison Between D`458 (left) Patent and `787 Patent (right)**

## CONCLUSION

The Moving Defendants request that the Court (1) dismiss the Complaint as to them with prejudice under Rule 12(b)(6); (2) in the alternative, drop them from this action under 35 U.S.C. § 299 and Rule 21, or dismiss the Complaint as to them for lack of personal jurisdiction and quash service of process; (3) declare the D'458 Patent invalid or, at a minimum, hold that the Moving Defendants do not infringe; and (4) grant such further relief as is just.

Dated: October 16, 2026

Respectfully submitted,
/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157

Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
*Counsel for Defendants YanDe Store, SnowFlood, Giftoday, and Goo Camping*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2026, the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notice of the filing to all counsel of record.

/s/ Jianyin Liu
Jianyin Liu