**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:26-cv-26215-BB

ZHONGSHAN JIALIZHI TECHNOLOGY
CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.

---

**UNOPPOSED MOTION OF GRIFFIN C. KLEMA, ESQ.**
**TO WITHDRAW AS COUNSEL**

Attorney Griffin C. Klema, Esq., having appeared on behalf of certain of the defendants in this Schedule A case, moves pursuant to Local Rule 11.1(d)(3) to withdraw from further representation. There is good cause for the withdrawal and no party will be prejudiced by the withdrawal. I believe I am duty-bound to withdraw.

The undersigned appeared in a capacity as local counsel in the case, with attorney Nitin Kaushik, Esq. being admitted *pro hac vice* [DE 19], and principally responsible for handling the substantive litigation. My role has been to provide limited representation respecting local rules and procedures, as well as knowledge of the substantive law within the Eleventh Circuit. Despite occupying a limited role without having drafted any of the filings in this case, I personally reviewed and revised those bearing my signature before filing. Unfortunately, difficulties have arisen between defense counsel for effective representation to continue, and I have more fundamental concerns respecting

communication with the clients and obtaining their informed consent in this proceeding. I am available for an *in camera ex parte* hearing to disclose these issues in more detail, should the Court wish to better understand whether good cause exists for this request. Silver Creek Farms, Ltd. Liab. Co. v. Fullington, no. 16-cv-80353, 2017 WL 4339650 at *4 (S.D. Fla. Sep. 29, 2017) (holding an *in camera, ex parte* hearing in order to receive attorney's testimony as to the attorney's general reasons for seeking withdrawal).

Ultimately, the undersigned does not believe he can properly or ethically continue in the representation, and requests the Court enter an order granting his complete withdrawal from this matter. Florida ethics rules require that an attorney withdraw from representation where "the representation will result in violation of the Rules of Professional Conduct or law." Florida Bar Rule 4-1.16(a)(1). Those rules also allow withdrawal if there is "other good cause." R. Regulating Fla. Bar 4-1.16(b)(5).

Where a court grants withdrawal, it must "assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal." Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 (11th Cir. 1983) (quoting Broughten v. Voss, 634 F.2d 880, 882-83 (5th Cir. 1981)). Because the defendants are represented by other counsel and the case is still at the early stages, withdrawal will not disrupt the progress of the litigation, nor will any party be prejudiced by the undersigned's withdrawal. Pursuant to Local Rule 4(b)(3), the Court may waive the requirements of local counsel, and/or grant Attorney Kaushik ECF filing privileges. Alternatively, it could order those defendants represented by Attorney Kaushik to retain new local counsel.

Finally, while Local Rule 11.1 requires a withdrawing attorney to serve a notice of the motion to withdraw "on the attorney's client" I have no way of directly communicating

with the represented defendants, nor does Attorney Kaushik and I do not speak Mandarin even if I was able to contact them directly. For reasons I can also explain *in camera, ex parte*, I am unable to provide a “current mailing address” for any of my clients.

**WHEREFORE**, Griffin C. Klema, and the law firm of Klema Law, PL, respectfully request the Court grant this motion, enter an order permitting their withdrawal from the case, discharging them from any and all further obligations on behalf of any of the defendants, and for such further relief as the Court deems just and proper.

**CERTIFICATE OF COUNSEL**

Counsel for the movant certifies that he conferred with Nitin Kaushik by phone on October 16, 2026, and he does not oppose my withdrawal. I attempted to reach counsel for plaintiff, Cole Carlson, by telephone on August 16, 2026, and left a voicemail, followed by an email to him, in response to which I received an auto-reply indicating he was out of the office. He replied by email that he does not oppose my withdrawal.

/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Counsel for certain Defendants*