**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:26-cv-26215-BLOOM/Elfenbein

ZHONGSHAN JIALIZHI TECHNOLOGY CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT NOS. 1, 30, 36, AND 42'S MOTION TO DISMISS [ECF NO. 94]**

Plaintiff, Zhongshan Jializhi Technology Co., Ltd. ("Plaintiff"), responds to the Motion to Dismiss [ECF No. 94] (the "Motion") filed by Defendant Nos. 1 (YanDe Store), 30 (SnowFlood), 36 (Giftoday), and 42 (Goo Camping) (the "Moving Defendants"). Earlier today Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice under Rule 41(a)(1)(A)(i) as to each Moving Defendant [ECF No. 110]. The Motion is moot and should be denied on that basis. Plaintiff files this short response so that the record does not reflect acquiescence under Local Rule 7.1(c)(1) in the relief the Motion seeks.

## I. THE NOTICE OF VOLUNTARY DISMISSAL MOOTS THE MOTION.

Rule 41(a)(1)(A)(i) gives a plaintiff an unconditional right to dismiss by notice before the opposing party serves an answer or a motion for summary judgment. The dismissal takes effect on filing, and no order is required. *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). The Moving Defendants have served neither. A motion under Rule 12(b) is not an answer, and the patent and design-registration printouts

attached to the Motion do not convert it into a motion for summary judgment absent an order of the Court doing so. Because the Notice dismisses every claim against each Moving Defendant, it is a proper Rule 41(a) dismissal in this multi-defendant case. *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023).

With no claim pending against the Moving Defendants, there is nothing left for the Motion to dismiss, quash, or sever. The Court followed the same course earlier this month when it denied as moot a similar motion by the same counsel once the movants were dismissed. [ECF No. 105] (denying ECF No. 99 as moot).

## II. THE MOTION'S REQUESTS FOR AN INVALIDITY DECLARATION AND A DISMISSAL WITH PREJUDICE ARE NOT AVAILABLE IN ANY EVENT.

The Motion asks the Court to "declare the D'458 Patent invalid." [ECF No. 94 at 10]. No Moving Defendant has pleaded a counterclaim, and a Rule 12 motion is not a vehicle for affirmative declaratory relief. An issued patent is presumed valid, 35 U.S.C. § 282(a), and invalidity must be proven by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Nothing in an unsworn motion supported by three foreign-registry printouts approaches that burden.

The references fail on their own terms as well. The D'458 Patent claims an ornamental design for a ghost light. A design claim "is limited to the article of manufacture identified in the claim; it does not broadly cover a design in the abstract." *In re SurgiSil, L.L.P.*, 14 F.4th 1380, 1382 (Fed. Cir. 2021); *see also Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1336 (Fed. Cir. 2019). The Motion's Exhibit A is a registration for a figurine, Exhibit B is a registration for a towel, and Exhibit C is a registration for a logo. None is a light. None can anticipate a design claim limited to one. Whether any of them could support an obviousness theory under *LKQ Corp. v. GM Global Technology Operations LLC*, 102 F.4th 1280 (Fed. Cir. 2024) (en

banc), is a fact-intensive question the Motion does not attempt to answer and that could not be resolved on the pleadings.

Nor would a dismissal with prejudice be proper. A plaintiff's Rule 41(a)(1)(A)(i) dismissal is without prejudice unless the notice says otherwise, and the Court has "no power or discretion" to attach conditions to it. *Matthews*, 902 F.2d at 880 (quoting *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976)).

## III. PLAINTIFF DOES NOT CONCEDE THE MOTION'S REMAINING ARGUMENTS.

Because the Motion is moot, Plaintiff does not burden the Court with a point-by-point opposition. Plaintiff notes only that it disputes the Motion's characterization of the record and its remaining arguments, and that silence here is not a concession. Plaintiff's statements in its preliminary-injunction papers concerned the scope of interim relief it chose to seek, not the merits of its infringement claim, and Plaintiff expressly reserved its claims against the Defendants it did not include in that motion. [ECF No. 50 at 2 n.1]. The Motion's factual assertions about storefront addresses and the Moving Defendants' contacts with Florida are unsupported by any declaration. The Motion also cites "ECF No. 142 at 17," [ECF No. 94 at 6], a docket entry that does not exist in this case.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court deny the Motion [ECF No. 94] as moot in light of Plaintiff's Notice of Voluntary Dismissal Without Prejudice. If the Court were to conclude for any reason that the Notice is ineffective as to any Moving Defendant, Plaintiff requests fourteen (14) days from that ruling to file a full response on the merits.

Dated: October 30, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all counsel of record, including counsel for Defendant Nos. 1, 30, 36, and 42.

/s/ Cole Carlson
Cole Carlson